UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------------------x
JANE DOE # 1,
JANE DOE # 2,                                                                    Civil Case No.: 19-cv-1542
                          Plaintiffs,
        -against-

JETBLUE AIRWAYS CORPORATION,
ERIC JOHNSON, individually, and
DAN WATSON, individually
                          Defendants
-------------------------------------------------------x

PLAINTIFF'S MOTION TO FILE UNDER SEAL
PLAINTIFF'S MOTION TO
CONTINUE TO PROCEED UNDER PSEUDONYM AS ORDERED BY THE COURT
ORDER IN NEW YORK AND TO IMPOUND THE RECORD OF THIS MOTION

This Motion to File under Seal is submitted under Local Rule 7.2 in support of Plaintiffs' request for an order directing the Clerk to seal and impound the pleadings and supporting affidavits of the Plaintiffs and Attorney Rodgers in connection with their Motion to Continue to Proceed under Pseudonym (the "Motion"), and all subsequent documents containing medical, law enforcement, and/or identifying information associated with this proceeding. For the following reasons, the requested material should be impounded until further order of the court. The materials may be returned to the party submitting them, after any such order releases the material from impoundment, or as otherwise determined by the court at that time.

In support of their Motion, Plaintiffs state that any information relating to identifying Plaintiffs and the conduct at issue in the lawsuit, is already governed by an Order from the Eastern District of New York to proceed under pseudonym. Additionally, the information sought to be protected was obtained under promised confidentiality under Jet Blue procedures. The information included in the Motion includes the report of Jet Blue's investigation which Jet Blue asserted was

1

confidential and contained proprietary information at the Equal Employment Opportunity Commission. ("EEOC"). In fact, JetBlue's own policy requires that all JetBlue employees and representatives must preserve confidentiality of sensitive personal information to the extent possible. To preserve this confidentiality without waiving it, Plaintiffs request impoundment of the Motion, which contains identifying information relating to the Plaintiffs' residences, transfers, leaves and neighborhoods, all of which could invariably lead to identification of the Plaintiffs by those who know the close knit employment environment in which they work.

Second, the Affidavits of the Plaintiffs and of Attorney Rodgers reveal some details of graphic sexual nature. In its response at the EEOC, Jet Blue admitted it was including foreseeably graphic and shaming details pertaining to the Plaintiffs. Public disclosure of the Plaintiffs' names along with the pleadings and proceedings in this action, would have a severe, damaging impact on the Plaintiffs and their ability to perform their jobs, and intensify the hostile environment arising from the sexual assault without consent, and from Jet Blue's subsequent inadequate investigation. This damaging impact would aggravate the very damage prohibited by the sexual harassment laws which Plaintiffs seek to enforce.  In the instant case, Plaintiffs fear being isolated, shunned, stigmatized and disgraced while working in small close knit crews who have wide awareness of the suit due to widespread media proliferation. To date, the Complaint has been viewed 131,000 times, and numerous obscene and vile comments have already been made on a Pilot's website within a comment strand of over 140 pilots.  Thus, publicly filing the Motion, would reopen the risk of further public humiliation, with strangers and co-workers in the industry expected to excoriate the credibility or morals not of anonymous Jane Doe's as has been done, but of these two known Plaintiffs.

Third, Plaintiffs have otherwise preserved the confidentiality of their names except to an

extremely limited circle of close friends and family and Plaintiffs' identities have been kept confidential by JetBlue, at the EEOC, at the Eastern District of New York, and in this Court.

Fourth, as set forth below, with rape shield laws and consideration of other relevant factors, numerous other courts have permitted plaintiffs to use a pseudonym and to seal the proceedings under comparable circumstances. Further, JetBlue has assented to filing of lawsuits involving sexual assaults under pseudonym with the same law firm, the Derek Smith Law Group, PLLC, which filed this matter.

Fifth, it is within the court's sound discretion to consider an assessment of the damage to the Plaintiffs based upon their ages, if there were forced to reveal their names.  Here, two mid-career women, both vulnerable as single or recently divorced women, will be adversely affected personally and in their professional mobility by stigma and disgrace if their names are made public.

Sixth, the privacy of rape victims has historically received protection by sealed, redacted or pseudonymous names. This deference to the privacy of rape victims is consistent with a Massachusetts statute which requires redaction of the names. Therefore, the Eastern District of New York, properly balanced the factors of protecting the privacy of victims in rape and intent-to-rape cases, with public access to trials.  In this case, where no governmentalparty is involved, , disputes involving private parties require less public disclosure, and more protection is afforded to protect professional reputations.

Seventh, the severe harm to third parties if this Court forces Plaintiffs' to reveal their names, warrants confidentiality.  Here, revealing their identities would not only harm Plaintiffs, but it would also cause great harm to another crew member that deliberately did not want to get involved in this lawsuit, whom Jet Blue has designated as Jane Doe # 3, preserving her privacy,as well as the five adult children of Doe # 1.

After conferencing the dispute, JetBlue did not oppose Plaintiffs' filing of the application to Continue under Pseudonym, but reserved the right to file an opposition thereto depending on the factual and legal grounds set forth therein. Defendants Watson and Johnson refused to assent to this proposed motion and Defendant Watson added the Plaintiffs' failure to file a Rule 10(a)(1) motion in his motion to dismiss the Second Amended Complaint. In terms of the instant motion to file under seal, Defendants could not agree to consent or oppose the filing of this motion, and requested additional time to meet and confer. However, Plaintiffs maintain that Defendants have had ample time to consider the propriety of the instant motion and further state that

no prejudice to the Defendants can arise from proceeding under a pseudonym or to an order directing the Clerk to Seal this Motion and its confidential attachments. As such, Plaintiffs are filing the instant motion for an order directing the Clerk to seal and impound the pleadings and supporting affidavits of the Plaintiffs and Attorney Rodgers in connection with their Motion to Continue to Proceed under Pseudonym.

**ARGUMENT**

In this Matter, Plaintiff seeks to simultaneously file a Motion to Proceed under a Pseudonym and to Impound the Record of the Proceedings, and to file supporting Affidavits under seal. The District Judge to whom this case is assigned may ex parte allow that portion of the motion regarding the use of a pseudonym, or to impound those affidavits.

> As a general rule, the presumption is that all judicial proceedings remain open to the public." *Doe v. Word of Life Fellowship, Inc.*, 2011 U.S. Dist. LEXIS 78383, 2011 WL 2968912, at *1 (D. Mass. July 18, 2011) (citing *Craig v. Harney*, 331 U.S. 367, 67 S. Ct. 1249, 91 L. Ed. 1546 (1947) (holding "[w]hat transpires in a courtroom is public property")); see also *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("the public

4

has a right of access to judicial proceedings"). This presumption is supported by the Federal Rules of Civil Procedure which require that '[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a); see also Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest"); *Raiser v. Church of Jesus Christ of Latter-Day Saints,* 182 Fed. Appx. 810, 811 (10th Cir. 2006). When anonymity is sought, "[t]he burden is upon the proponent to demonstrate the need for confidentiality." *MacInnis v. Cigna Grp. Ins. Co. of Am.,* 379 F. Supp.2d 89, 90 (D. Mass. 2005) (citing *Doe v. Bell Atlantic Business Systems*, 162 F.R.D. 418, 420 (D. Mass. 1995)). "A party may rebut that presumption by demonstrating an overriding reason for confidentiality. If that rebuttal is made, then the court must balance the need for confidentiality against the public interest to be served by requiring disclosure." *Doe v. Univ. of Rhode Island*, 1993 U.S. Dist. LEXIS 19257, 1993 WL 667341, at *2 (D. R.I. Dec. 28, 1993) (citing *Doe v. Prudential Ins. Co. of America,* 744 F. Supp. 40, 41 (D. R.I.1990)).

*Doe v. Aetna Life Ins. Co.,* No. 14-14716-PBS, 2016 U.S. Dist. LEXIS 194383, at *3-4 (D. Mass. Apr. 18, 2016)" Saris, J. (affirming an exparte order to permit the Plaintiff to proceed under Pseudonym and to Impound the Record in a case balancing the need for privacy with the public's right to know in a case involving mental illness, and denying a motion to vacate the order ). Here the District Court in New York has already issued a ruling that Plaintiffs, as rape victims, could proceed under pseudonym in all public pleadings on the docket under F. R. Civ. Pro. 10(a)(1). Docket Entry # 62-1, pp. 19-20. (Hereinafter D.E.#. XX).

The presumption of openness, whether founded on the common law or the First Amendment, is not absolute. *Globe Newspaper Co. v. Clerk of Suffolk County Superior Court,* 14 Mass. L. Rep. 315 (2002) (allowing pseudonymous treatment of clergy abuse victims, and impoundment of papers which could serve to identify them). The Massachusetts courts recognized in *Boston Herald, Inc. v. Sharpe*, 432 Mass. at 604. "[A] court possesses 'inherent equitable power to impound its files in a case and to deny public inspection of them . . . when justice so requires.' " *Id.* The Supreme Judicial Court has essentially determined that "justice so requires" when there is a finding of "good cause." Uniform Rules, Rule 7.

Plaintiff seeks an order to permit impoundment only of those portions of court **records** that

either identify the plaintiffs by name or address, or that provide information that reasonably would permit them to be identified by someone who knows them or by someone willing to engage in investigation to determine their identity. *Globe Newspaper Co. v. Clerk of Suffolk County Superior Court,* 14 Mass. L. Rep. 315 (2002). The courts have not similarly protected the identity of alleged perpetrators, even if such allegations have devastating effects upon them. [1]

In *Doe v. Aetna, supra,* the court relied upon the fact that the "plaintiff has taken steps to the best of her ability "to limit or to hide information available on the internet regarding the employment lawsuitHere, Plaintiffs also argue that revealing their identity will adversely impact their employment environment. In fact, these concerns are borne out by the online targeting and vilification Plaintiffs have already received on the internet,. Permitting identifying information to be further revealed would create the very hostile environment Plainitffs seek to remedy in this lawsuit.

Moreover, Plaintiffs confidentiality is protected by Mass. G.L. c. 265 §24. In Massachusetts, rape victims present the quintessential case for redacting names, pursuant to G.L. c. 265 §24 C which continues to require redaction of a plaintiff's name in rape cases, as it has done for at least 150 years in drug and alcohol induced sexual assaults. *Commonwealth v. Blache, 450 Mass. 583, 590 (2008)* (using "Complainant" and upholding the centuries of law since *Com. v. Burke* 105 Mass 376 (1870), where a Defendant was convicted for aiding and assisting another (Green) in committing carnal rape of [NAME REDACTED] pursuant to G.L. c. 265 §24 C] victim, who was in a state of utter stupefaction by reason of drunkenness or drugs, so as to render the

---

[1] Focusing on the privacy interests alleged, this Court recognizes that, while courts sometimes protect the privacy rights of victims and allow them to use a pseudonym, courts almost never find privacy rights in the alleged victimizers and allow them to proceed with a pseudonym.
*Globe Newspaper Co. v. Clerk of Suffolk County Superior Court*, 14 Mass. L. Rep. 315 (2002).

victim utterly senseless and incapable of consent, which defendants knew, so that Green committed carnal rape upon the victim with sufficient force to effect the purpose- with the assistance of Burke). The protection of the incapacitated rape victim from dishonor in Massachusetts under G.L. c. 265 §24(c), continues as a statutory redaction of the names of alleged victims of rape, whether or not the defendant is convicted. The rape shield protection also is recognized whether or not the defendants produced the state of inability to consent. *Id.* [2] Thus, the Eastern District of New York recognized the dishonor and protection afforded to rape victims, such as Plaintiffs and did not abuse its discretion as to either individual Defendant or JetBlue.

Additionally, recent case law recognizes that the humiliation and impact on the work environment from sexual assault warrants the motion to be filed under seal. In *EEOC v. SPOA*, 2013 U.S. Dist. LEXIS 148145, at *2 (D. Md. Oct. 15, 2013), the plaintiff waitress was harassed and slipped a date rape drug, and was permitted to proceed under a pseudonym in all papers filed before the court, upon revealing her identity to the defendant. In *Doe v. New Ritz, Inc.*, Civil Action No. RDB-14-2367, 2016 U.S. Dist. LEXIS 14159, at *7 (D. Md. Feb. 5, 2016), the court allowed pseudonym treatment of plaintiffs in a case involving sexual harassment of women employed as exotic dancers by supplying drugs and alcohol. *See, Doe v Trustees of Dartmouth College*, 2018 DNH 088 (weighing factors in a contested allegation of rape, plaintiff may proceed under a pseudonym, at least during pretrial proceedings). In this case, the Motion, contains detailed reference to the investigation at the EEOC, to the residence, transfers and leaves taken by the plaintiffs, and would risk revealing the identity of the Plaintiffs to those already in the work

---

[2] The crime of rape in Massachusetts is general intent crime. Proof that defendant intended sexual intercourse by force coupled with proof that the girl did not consent was sufficient for conviction. Any perception, reasonable, honest, or otherwise, of defendant as to her consent was not relevant. *Commonwealth v. Lopez,* 433 Mass. 722, 722 (2001).

environment, as well as graphic and detailed facts in the most private of places concerning their private body. This exceeds any mere embarrassment, and there is no right for the public to know of such intimate and sensitive details, on the internet for all time.

WHEREFORE, Plaintiffs therefore requests that this Motion to File under Seal be granted and that the underlying Motion be granted in its entirety.

                    Respectfully submitted,
                    PLAINTIFFs, Jane Doe #1 and Jane Doe #2
                    by Her Attorneys,

Dated:  December 24, 2020.        ___/s/ Elizabeth Rodgers_____

                    Elizabeth A. Rodgers, P.C. BBO #424360
                    Philip Gordon, BBO # BBO # 1142934
                    **GORDON LAW GROUP LLP**
                    585 Boylston Street
                    Boston MA 02116
                    Tel: 617-536-1800; Mobile: 857-928-4033
                    Fax: 617-536-1802
                    erodgers@gordonllp.com

## CERTIFICATE OF SERVICE

I, Elizabeth A. Rodgers counsel for the Plaintiff, hereby certify that on December 23, 2020, a true copy of the above PLAINTIFF'S MOTION TO CONTINUE TO PROCEED UNDER PSEUDONYM AS ORDERED BY THE COURT ORDER IN NEW YORK AND TO IMPOUND THE RECORD OF THIS MOTION, was served by electronic filing under F.R. Civ. Pro. 5(b)(3) and L.R. 5.4(a) and (c), upon all counsel of record.

                    /s/ Elizabeth A Rodgers
                    _____
                    Elizabeth A. Rodgers

## CERTIFICATE OF CONFERRING

I, Elizabeth A. Rodgers counsel for the Plaintiff, hereby certify that between September 23-October 7, 2020, I conferred electronically with all counsel regarding the PLAINTIFF'S MOTION TO CONTINUE TO PROCEED UNDER PSEUDONYM AS ORDERED BY THE COURT ORDER IN NEW YORK AND

TO IMPOUND THE RECORD OF THIS MOTION, On December 22-23rd, I conferred electronically with all counsel regarding filing that motion under seal and in good faith served them with the Motion to Seal and its arguments. We wish to have the Motion to Proceed under Pseudonym and to Impound the Record considered with the Motion to Dismiss, as discussed by the parties in October. Defendants sought until January 4th to determine whether to assent to this motion. Defendants will have ample time to reply, to assent or to oppose the motion.

Defendants request that we add the following:

> On December 22nd, the undersigned counsel contacted Defendants' counsel by email, informed them that Plaintiffs intended on filing the instant Motion to file the above Motion under seal, produced a copy of the draft instant Motion, and asked Defendants' counsel to advise of their position by the end of that same day. Later that day, Defendants' counsel requested additional time to review the Motion and consider Plaintiffs' request. The undersigned indicated that Plaintiffs would provide Defendants until December 23rd at noon to provide a response. On December 23rd, at 1:30 pm Defendants' counsel indicated that they still needed additional time due to the holidays to confer with their clients and research the issues raised by Plaintiffs' request, as well as the Motion itself, and requested that the Parties meet and confer during the week of January 4, 2021. The undersigned rejected Defendants' request and submits this Motion now without any conferral with Defendants because Plaintiffs would like the Court to hear it simultaneously with the dispositive motions that are presently being briefed. Defendants have requested that the undersigned counsel include a request for a two-week extension of time for Defendants to respond to this Motion given the holidays, up to and including January 20th, a request to which Plaintiffs consent."

We do not consent to the extension of time as there is ample time to respond or assent in accordance with the rules.

/s/ Elizabeth A Rodgers
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Dated : December 24, 2020.

9