## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JANE DOE # 1,
JANE DOE # 2,

                           Plaintiffs,

           -against-

JETBLUE AIRWAYS CORPORATION,
ERIC JOHNSON, individually, and
DAN WATSON, individually

       Defendants.

Civil Action No.: 1:20-cv-11623-ADB

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO CONTINUE TO PROCEED UNDER THE COURT ORDER IN NEW YORK UNDER PSEUDONYM

      Defendants JetBlue Airways Corporation ("JetBlue"), Eric Johnson ("Johnson") and Dan Watson ("Watson") (together, "Defendants") hereby submit the following memorandum of law in opposition to Plaintiffs Jane Doe #1 and Jane Doe #2's (together, "Plaintiffs") *Motion For Leave to Continue to Proceed Under the Court Order In New York Under Pseudonym* ("Motion")[1], filed on December 31, 2020 under seal, *see* Dkt. Entry No. 71, and state as follows:

### INTRODUCTION

      It is well established that, "[i]n the civil context, the plaintiff instigates the action, and, except in the most exceptional cases, must be prepared to proceed on the public record." *Doe v. Bell Atlantic Business Systems, Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995). This principle is rooted

---

[1]     Citations to Plaintiffs' Motion are abbreviated herein as "Mot. at [page number]," Plaintiffs' *Motion To Continue To Proceed Under Pseudonym As Ordered By The Court Order In New York And To Impound The Record Of This Motion*, also filed under seal, as "Mot. to Impound at [page number]; *Plaintiff Doe #1's Declaration In Support of Motion to Proceed Anonymously* as "Doe #1 Decl. at ¶  [paragraph number]; *Plaintiff Doe #2's Declaration In Support of Motion to Proceed Anonymously* as "Doe #2 Decl. at ¶ [paragraph number]; the Declaration of Michael Fiske dated February 18, 2021, as "Fiske Decl. at ¶ _"; the Declaration of Eric Johnson dated February 18, 2021, as "Johnson Decl. at ¶ _"; and the Declaration of Dan Watson dated February 18, 2021, as "Johnson Decl. at ¶ _."

in (1) the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 10(a); (2) the "customary and constitutionally-embedded presumption of openness in judicial proceedings," *see Doe v. W. New England Univ.*, No. 19-cv-30124, 2019 WL 10890195, at *1 (D. Mass. Dec. 16, 2019) (internal citations omitted); and (3) the recognition that "it would be fundamentally unfair to allow [a] plaintiff to make such serious allegations against them without standing, as they must, in a public forum," *see Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. at 422. Given this strong presumption toward disclosure, courts have repeatedly held that <u>motions to proceed anonymously should be granted only in "exceptional circumstance[s]</u>." *Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444, 453 (D. Mass. 2011).

Here, Plaintiffs have publicly alleged that Johnson and Watson first drugged them, and that Johnson then raped Jane Doe #1 – devastating allegations of the utmost seriousness that Plaintiffs acknowledge have received significant media attention, and which Johnson and Watson vehemently deny – yet seek to hide behind a shield of anonymity based on vague, conclusory, and speculative claims that they might face embarrassment and social stigmatization if they were required to publicly name themselves. However, and critically, courts within and outside of this Circuit have consistently and overwhelmingly rejected similar requests, finding that comparable claims of embarrassment, shame, reputational harm, social stigmatization, and even economic hardship are insufficient to overcome the general presumption of disclosure – "even where a plaintiff alleges a more violent form of sexual assault." *Doe v. Gong Xi Fa Cai, Inc.*, No. 19-cv-2678, 2019 WL 3034793, at *1 (S.D.N.Y. July 10, 2019); *see also Doe v. Townes*, No. 19-cv-8034, 2020 WL 2395159, at *3 (S.D.N.Y. May 12, 2020) (<u>motion denied where "Plaintiff alleges a history of physical, emotional, and sexual abuse by her former employer, including "forcible touching, repeated verbal assaults, blackmail, extortion, and fears for her safety and the safety of</u>

her family"); *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019) (motion denied where plaintiff claimed that "that she was drugged by a co-worker, sexually assaulted while unconscious, and subject to ridicule and sexual harassment following the incident"); *Doe v. Word of Life Fellowship, Inc.*, 2011 WL 2968912 (D. Mass. July 18, 2011); *MacInnis v. Cigna Grp. Ins. Co. of Am.,* 379 F. Supp.2d 89 (D. Mass. 2005); *Bell Atlantic Business Systems, Inc.*, 162 F.R.D. at 421 (motion denied where female plaintiff alleged that she was sexually assaulted by her supervisor, during which she may have contracted HIV, and had since become a "virtual prisoner in her home"). These decisions plainly establish that, to deviate from the deep-rooted rule that parties must publicly identify themselves in their pleadings, a party moving to proceed anonymously bears the heavy burden of coming forth with compelling evidence showing that they will suffer actual physical or mental harm from identification. *See id.*

Plaintiffs' counsel is unquestionably aware of these decisions – they represented the plaintiffs in three of the above-referenced cases and cite the rest in their Motion – yet tellingly fail to meaningfully address any of them. Instead, Plaintiffs present the same vague, conclusory, and speculative allegations of potential embarrassment and stigmatization that courts have consistently held are insufficient to overcome the public's presumptive right of access to judicial proceedings. Moreover, in a transparent effort to avoid their heavy burden of persuasion, Plaintiffs make a number of misrepresentations regarding the background of this dispute prior to its transfer to the District of Massachusetts. To be clear, the issue of their anonymity has never been briefed or otherwise substantively raised before any court, and no order was ever issued regarding Plaintiffs' anonymity. Accordingly, the burden rests on Plaintiffs to show that theirs is among those rare, exceptional cases in which actual physical or mental harm outweighs the constitutional preference for openness in judicial proceedings – a showing they have failed to make.

Accordingly, and as shown in greater detail below, Plaintiffs' Motion should be denied.

## RELEVANT BACKGROUND

On or about March 18, 2019, Plaintiffs commenced this action in the Eastern District of New York. *See* Dkt. Entry No. 1. In violation of well-established Second Circuit precedent, Plaintiffs did not contemporaneously seek leave to proceed anonymously.[2] *See Doe v. Bedford Cent. Sch. Dist.,* No. 18-cv-11797, 2019 WL 493819, at *1 (S.D.N.Y. Feb. 8, 2019) ("[A] plaintiff may proceed anonymously <u>only</u> with leave of Court.") (emphasis added) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008)).

On May 6, 2019, JetBlue requested that the Court schedule a pre-motion conference in connection with its anticipated motion to dismiss for improper venue or, in the alternative, to transfer for the convenience of the parties and witnesses. *See* Dkt. Entry No. 8. On June 20 and June 21, 2019, Johnson and Watson, respectively, also requested a pre-motion conference in connection with their anticipated motions to dismiss. *See* Dkt. Entry Nos. 14-15.

On June 25, 2019, the parties appeared at the requested pre-motion conference before District Court Judge Nicholas G. Garaufis to discuss the jurisdictional and substantive deficiencies of Plaintiffs' Complaint. Near the conclusion of this conference, Watson's counsel raised the issue of the propriety of Plaintiffs' anonymity, noting that Plaintiffs had not first sought leave from the Court to proceed as Jane Doe parties and were required to name themselves pursuant to Fed. R. Civ. P. 10. *See* Dkt. Entry No. 62, Exh. A at 19:1-20:12. In response, Plaintiffs' counsel apologized for not previously seeking leave to do so and stated, without any further explanation or argumentation, that Plaintiffs wished to remain anonymous. *Id.* at 19:13-23. Thereafter, Judge

---

[2]     Plaintiffs' failure to first seek leave to proceed anonymously is also violative of precedent in this Circuit. *See, e.g.*, *Doe v. Spears*, 393 F. Supp. 3d 123, 127 (D. Mass. 2019) ("Even if plaintiff could state a viable claim for relief, this Court would dismiss the amended complaint for failure to comply with the pleading requirements of Fed. R. Civ. P. 10(a)…The plaintiff here did not seek leave of Court to proceed under a pseudonym.").

Garaufis remarked that Plaintiffs would remain publicly anonymous "for the time being," directed Plaintiffs to identify themselves to Defendants in the interim (which they did), and informed the parties that they could raise the issue by application if "I still have the case" following Defendants' anticipated motions to dismiss or transfer. *Id.* at 19:24-20:14. The Court then proceeded to set the briefing schedule on the jurisdictional and substantive deficiencies of Plaintiffs' Complaint.

Other than this brief colloquy on June 25, 2019, there was no further discussion of Plaintiffs' anonymity while the case was pending in New York. Ultimately, Judge Garaufis "agree[d]…that venue in the Eastern District of New York [wa]s improper" and, on August 11, 2020, transferred this case to the District of Massachusetts. *See* Dkt. Entry No. 37.

Accordingly, Plaintiffs' assertion that their "motion to proceed anonymously was made and allowed in the Eastern District of New York under F. R. Civ. Pro. 10(a)  on June 25, 2019 at the oral hearing on pretrial motions prior to the case being transferred to the District of Massachusetts upon Motion by the Defendants" is demonstrably false. *See* Mot. at 2. To the contrary, the record is clear that Plaintiffs offered to make – but never actually made – any such motion. *See* Dkt. Entry No. 62, Exh. A at 19:13-17. Similarly, Plaintiffs' claim that Judge Garaufis "recorded an Order…on June 25, 2019…which ensured and required redacting the names of two Plaintiffs and the continued use of pseudonyms for them on the public docket" is equally disingenuous. *See* Mot. at 9. In fact, no such Order was issued. The July 1, 2019 docket entry following the June 25th conference makes no mention of Plaintiffs' anonymity whatsoever. Likewise, Plaintiffs' suggestion that Defendants have "affirmatively waived their right to object to the Court's [June 25th] Order" is patently meritless. *See* Mot. at 24. Rather, the record is clear that the reason Defendants did not brief this issue earlier was Judge Garaufis' directive that the parties deal with the threshold issues first, *e.g.*, whether it was proper for Plaintiffs to commence

an action in New York when they were challenging purported conduct that occurred in Puerto Rico and/or Boston – and address the issue of Plaintiffs' anonymity thereafter.

In sum, and contrary to the account in Plaintiffs' Motion, this is the first time the issue of Plaintiffs' anonymity has been substantively addressed by any court.

## APPLICABLE STANDARD OF LAW

Additionally, Plaintiffs' assertion that Judge Garaufis' so-called "Order" must "be reviewed for abuse of discretion" is patently meritless. *See* Mot. at 11. First, as noted above, no such order was ever issued. Second, Plaintiffs' argument here appears to erroneously invoke the standard of review an appellate court may apply to a lower court's decision. Indeed, Plaintiffs tellingly cite no authority for the proposition that a trial court must apply an "abuse of discretion" standard to review another trial court's decision following transfer for improper venue.

Rather, it is well established that, when evaluating a party's application to proceed anonymously, "[t]he burden is upon the proponent to demonstrate the need for confidentiality." *MacInnis v. Cigna Grp. Ins. Co. of Am.*, 379 F. Supp. 2d 89, 90 (D. Mass. 2005). Indeed, "the presumption is that all judicial proceedings remain open to the public." *Doe v. Word of Life Fellowship, Inc.*, No. 11-40077, 2011 WL 2968912, at *1 (D. Mass. July 18, 2011). Accordingly, to satisfy his or her burden, the moving party must produce affirmative evidence demonstrating that the need for anonymity outweighs the public's interest in disclosure and may not rely on mere "conclusory allegations." *Doe v. W. New England Univ.*, No. 19-cv-30124, 2019 WL 10890195, at *1 (D. Mass. Dec. 16, 2019); *see also Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 420 (D. Mass. 1995). Critically, courts have held that, in applying these standards, motions to proceed anonymously should be granted only in "exceptional circumstance[s]." *Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444, 453 (D. Mass. 2011).

**ARGUMENT**

Based on the strong constitutional presumption toward disclosure and related principles of fundamental fairness, courts regularly deny motions to proceed anonymously filed by alleged victims of sexual assault. *See, e.g.*, *Doe v. McLellan*, No. 20-cv-5997, 2020 WL 7321377, at *2 (E.D.N.Y. Dec. 10, 2020) (finding that "plaintiff['s] claims that while intoxicated and unconscious, she was sexually assaulted by the defendant" were "not sufficient to entitle a plaintiff to proceed under a pseudonym"); *Roe v. Does 1-11*, No. 20-cv-3788, 2020 WL 6152174, at *4 (E.D.N.Y. Oct. 14, 2020) (observing the "general trend to disfavor anonymity in sexual assault-related civil cases"); *Doe v. Weinstein*, No. 20-cv-6240, 2020 WL 5261243, at *4 (S.D.N.Y. Sept. 3, 2020) (motion denied where plaintiff alleged that, "on numerous occasions, beginning when she was 22 years old, [defendant] 'entice[d]' her to meet him in hotel suites or travel to certain 'locales' under the pretext that he would help her with her acting career and then used physical force to rape her or force her to engage in other sex acts") (internal citations omitted); *Doe v. Townes*, No. 19-cv-8034, 2020 WL 2395159, at *7 (S.D.N.Y. May 12, 2020); *Doe v. Ocean Reef Cmty. Ass'n*, No. 19-10138-CIV, 2019 WL 5102450, at *1 (S.D. Fla. Oct. 11, 2019) (motion denied where plaintiff alleged that defendant engaged in sexual harassment and assault "by demanding that she engage in certain sexual acts with him, by retaining electronic copies of certain sexually explicit photos and videos that [defendant] took of her, and by making unwelcome and public sexual advances on her during work hours"); *Doe v. Gong Xi Fa Cai, Inc.*, No. 19-cv-2678, 2019 WL 3034793, at *1 (S.D.N.Y. July 10, 2019); *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019); *Brownlee v. Monroe Cty. Corr. Facility*, No. 18-cv-1318, 2019 WL 2160402, at *3 (M.D. Pa. May 17, 2019) ("Plaintiff's belief that his sexual assault will become 'entertainment for the public'…simply does not overcome the strong presumption against allowing parties to use a

pseudonym."); *Doe H. v. Haskell Indian Nations Univ.*, 266 F. Supp. 3d 1277, 1289 (D. Kan. 2017) ("Courts facing similar actions for sexual assaults or harassment by employers or in university settings have generally required adult plaintiffs to proceed in their own name."); *Doe v. Bell Atlantic Business Systems, Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995).

Instead of grappling with this weight of authority in their Motion, Plaintiffs repeatedly invoke the 10-factor test established by the Second Circuit in *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188-189 (2d Cir. 2008) and contend that application of these factors weighs in favor of granting their Motion. However, Plaintiffs' reliance on *Sealed Plaintiff* is improper.

First, this case has been transferred out of the Second Circuit, so *Sealed Plaintiff* is not controlling authority here. Indeed, the First Circuit has never adopted the 10-factor test set forth in *Sealed Plaintiff*, and it does not appear that any district court in this Circuit has expressly relied on it.[3] *See Doe v. Trustees of Dartmouth Coll.*, No. 18-CV-690-JD, 2018 WL 5801532, at *1 (D.N.H. Nov. 2, 2018) ("The First Circuit has not addressed the issue of proceeding anonymously").

Second, Plaintiffs' reliance on *Sealed Plaintiff* is inexplicable given that district courts in the Second Circuit applying the 10-factor test have overwhelmingly rejected similar motions to

---

[3]    Plaintiffs' failure to rely on First Circuit law may be explained by the fact that it simply does not support the outcome they seek. Indeed, many of the Massachusetts district court cases cited in Plaintiffs' Motion actually denied the moving party's application to proceed anonymously. *See Word of Life Fellowship, Inc.*, 2011 WL 2968912 at *3; *MacInnis*, 379 F. Supp.2d at 90; *Bell Atlantic Business Systems, Inc.*, 162 F.R.D at 422. Moreover, the few First Circuit cases in which the moving party's application was granted are easily distinguishable. For instance, in *Doe v. Aetna Life Ins. Co.*, No. 14-cv-14716, 2016 WL 7799638, at *3 (D. Mass. Apr. 20, 2016), the court granted plaintiff's motion to proceed anonymously in an ERISA case where the plaintiff did not "rely[] merely on conclusory assertions that she would suffer social stigma, discrimination or embarrassment if her name is revealed[,]" but presented affirmative evidence in the form of medical documentation that her "myriad of medical and psychiatric illnesses" would be exacerbated if she was forced to identify herself. Meanwhile, Plaintiffs' reliance on *Doe v. Leavitt*, 552 F.3d 75 (1st Cir. 2009) and *Doe v. Unum Life Ins. Co. of Am.*, 35 F. Supp. 3d 182 (D. Mass. 2014) is misplaced given that those decisions did not even involve motions to proceed anonymously. In the former, the First Circuit unilaterally decided to "sketch the background of the case with the aid of pseudonyms and generalities" in order to "safeguard the privacy of physicians and other health care professionals," finding that their identities were irrelevant to the "central legal question" posed by the appeal, which revolved entirely around the proper interpretation of the term "investigation" in the Health Care Quality Improvement Act. *See Leavitt*, 552 F.3d at 77. In the latter, the parties to an ERISA case simply agreed to permit the plaintiff to proceed anonymously given his sensitive and documented mental health issues, including a history of attempted suicide. *See Unum Life Ins. Co. of Am.*, 35 F. Supp. 3d at 186.

proceed anonymously filed by Plaintiffs' counsel in cases involving almost identical allegations of sexual assault as those alleged by Plaintiffs here.[4] *See, e.g.*, *Townes*, 2020 WL 2395159, at *3 (motion denied where "Plaintiff alleges a history of physical, emotional, and sexual abuse by her former employer, including "forcible touching, repeated verbal assaults, blackmail, extortion, and fears for her safety and the safety of her family""); *Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *1 (motion denied where "Plaintiff alleges that she was harassed and humiliated by Defendant Briatico's 'inappropriate, unwanted, and sexually motivated physical contact' as well as the retaliation that followed"); *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 404 (motion denied where Plaintiff alleged that "she was drugged and brutally raped by Defendant Primus").

Third, in the years since *Sealed Plaintiff* was decided, the Second Circuit has stressed that "pseudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020). It is now well established that, under the *Sealed Plaintiff* 10-factor test, "speculative" allegations of harm are insufficient to sustain a motion to proceed anonymously. *Id.*

---

[4]     Abraham Melamed, Esq., an attorney with Plaintiffs' counsel, Derek Smith Law Group, PLLC who appeared on Plaintiffs' behalf before this matter was transferred, has publicly acknowledged that "his firm…has had more failure than success in being granted pseudonymity over the past year." *See* Erin Mulvaney & Hassan A. Kanu, *Anonymous Workplace Harassment Suits Double in #MeToo Era*, Bloomberg Law, July 29, 2019, available at https://news.bloomberglaw.com/daily-labor-report/anonymous-workplace-harassment-suits-double-in-metoo-era (last visited Feb. 18, 2020). And yet, Plaintiffs now assert in their Motion that "it is now standard to proceed under a pseudonym in cases of supplying drugs and alcohol to women employees with the intent to rape them." Mot. at 22. Tellingly, Plaintiffs are only able to marshal three cases in support of this proposition, all of which are outliers, not controlling here, and distinguishable. *See* Mot. at 22-23 (citing two Maryland district court cases and one New Hampshire district court case). For instance, in *Doe v. New Ritz, Inc.*, No. 14-cv-2367, 2015 WL 4389699, at *2 (D. Md. July 14, 2015), the plaintiff, an exotic dancer, presented evidence of "physical and mental harm that may arise if her identity is revealed" – specifically, the strong likelihood that she would be "fired from her current employer" and completely backlisted from the exotic dance industry if her identity was revealed due to its "tight-knit" nature. Meanwhile, in *Trustees of Dartmouth Coll.*, 2018 WL 2048385, at *5, the plaintiff – a young adult challenging his expulsion from Dartmouth College after a female student accused him of sexual assault – presented compelling evidence that "public disclosure [of his name] will subject him to reputational damage and will impair his future educational and career prospects." Notably, the court found "[e]ven more salient" than plaintiff's interest in anonymity was the female student's privacy interests, reasoning that nonparties like her "ha[ve] a stronger case for anonymity." *Id.* at *6. Even if these cases were applicable (which they are not), Plaintiffs have failed to present a shred of evidence of harm here; instead, their speculative and conclusory allegations of harm form the sole basis for their Motion.

Similarly, the Second Circuit has since clarified that a party's "interest in not suffering professional embarrassment and any concomitant financial harm" is insufficient to sustain a motion to proceed anonymously. *Doe v. Delta Airlines Inc.*, 672 F. App'x 48, 52 (2d Cir. 2016).

Notably, these developments in the Second Circuit are wholly consistent with decisions issued by both the First Circuit and Massachusetts district courts, which have required plaintiffs to present affirmative evidence of substantial harm that outweighs the presumption of disclosure. *See Nat'l Org. for Marriage v. McKee*, 649 F.3d 34, 70 (1st Cir. 2011) (describing the presumption toward transparency as "strong and sturdy," and emphasizing that "[o]nly the most compelling reasons can justify non-disclosure of judicial records.") (internal citations and quotations omitted); *W. New England Univ.*, 2019 WL 10890195, at *1 ("[Plaintiff] relies solely on conclusory allegations to support his argument, and the Court declines to find these allegations sufficient to overcome the public interest in disclosure."); *MacInnis*, 379 F. Supp. 2d 89 at 90 (plaintiff failed to "overcome the constitutional preference for openness in judicial proceedings" by offering only a "conclusory assertion that disclosure of her depressive/anxiety disorder could generate social stigma and discrimination unsupported by evidence").

In sum, Plaintiffs' heavy reliance on *Sealed Plaintiff* throughout their Motion is unavailing. And, even assuming that the Second Circuit's 10-factor test was appropriate here, these factors do not weigh in favor of anonymity. To the contrary, and as shown in greater detail below, Plaintiffs' vague, conclusory, and speculative allegations of theoretical harm are plainly insufficient to overcome the strong presumption toward disclosure.

> **1. The litigation involves matters that are sensitive and of a personal nature, but this factor is not dispositive.**

In their Motion, Plaintiffs assert that the first *Sealed Plaintiff* factor weighs in their favor because this case involves sensitive and personal matters. Plaintiffs contend that JetBlue has

seemingly acknowledged this point, noting that JetBlue's employment policies indicate that internal complaints of discrimination and harassment will be kept confidential to the extent possible, and that JetBlue's written submission to the U.S. Equal Employment Opportunity Commission ("EEOC") requested that the information contained therein remain confidential.[5] *See* Mot. at 3-6, 14. Plaintiffs further assert that Massachusetts law "require[s] redaction of a plaintiff's name in rape cases." *See* Mot. at 20-21 (citing M.G.L. c. 265 §24 C).

First, Defendants do not dispute that this case involves matters of a sensitive and of a personal nature – both for Plaintiffs <u>and</u> for Defendants Johnson and Watson.[6] However, courts have consistently denied motions to proceed anonymously based on this factor, recognizing that it is not sufficient to overcome the strong presumption toward disclosure. *See, e.g.*, *Roe v. Does 1-11*, No. 20-cv-3788, 2020 WL 6152174, at *4 (E.D.N.Y. Oct. 14, 2020) ("Courts in this Circuit have denied motions to proceed anonymously made  by victims of  sexual assault,  despite  the hardship such an order imposes and the sensitivity around allegations of assault.") (emphasis omitted); *Weinstein*, 2020 WL 5261243, at *4 ("The Court is sympathetic, but Plaintiff's concerns

---

[5]        Additionally, Plaintiffs falsely assert that "JetBlue has assented to filing of lawsuits involving sexual assaults under pseudonym with the same law firm, the Derek Smith Law Group, PLLC, which filed this matter." Mot. to Impound at 3. In support of this proposition, they contend that, "[i]n *Jane Doe #1 and # 2 v. United States*, Civ. Act. No. Case 9:08-cv-80736-KAM [S.D. Fla.], a similarly filed claim by two Jane Does who suffered violation of their rights under the Crime Victims' Rights Act, JetBlue acknowledged that the matter should be filed under pseudonym with the same Plaintiff's counsel's firm representing the Plaintiffs in this case." Mot. at 22-23. Plaintiffs' statements here are baffling, as neither JetBlue nor Plaintiffs' counsel were involved in that case. Rather, that litigation revolved around sexual assault victims of Jeffrey Epstein. Defendants cannot venture why Plaintiffs would make such a transparently false argument, but, as discussed both *supra* and *infra*, it is not an isolated incident.

        However, JetBlue acknowledges that it is presently litigating another sexual harassment action in which the plaintiff is represented by Plaintiffs' counsel, but denies that it "assented" to that plaintiff's motion to proceed anonymously. Rather, after reviewing plaintiff's application, which contained evidence that plausibly suggested a risk that plaintiff's ex-husband might engage in some form of domestic violence if he learned of her involvement in the case, JetBlue declined to submit an opposition thereto. *See Doe v. JetBlue Airways Corp.*, Case No. 1:20-cv-101 (E.D.N.Y.), Dkt. Entry Nos. 27-28, 34. Unlike the plaintiff in that case, Plaintiffs here have not offered any such evidence, but instead simply speculate that they might suffer embarrassment should they be identified. As shown herein, Plaintiffs' vague and conclusory allegations of reputational harm are insufficient to sustain their Motion.

[6]        Notably, Jane Doe #2 does not allege that she was sexually assaulted. Rather, she alleges that she was drugged, but, unlike Jane Doe #1, became sick and went back to her own hotel room without engaging in or witnessing any sexual activity. *See* Second Amended Complaint, at ¶¶ 45-46.

do not outweigh the interests of both the public and [defendant] in 'the customary and constitutionally-embedded presumption of openness in judicial proceedings.'"); *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 408; *Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. at 422 ("While the Court is sympathetic to plaintiff's concerns, it finds that the plaintiff has not presented a case so compelling as to permit her to proceed anonymously."). And, tellingly, Plaintiffs cite no authority for the proposition that it is proper to permit a party to proceed anonymously simply because their employer's policies and procedures are crafted to encourage complainants to come forward, or because the employer sought to maintain some degree of privacy over the matter before a government agency during the pre-litigation phase of a sensitive employment dispute.

Second, Plaintiffs' reliance on M.G.L. c. 265 §24 C is misplaced. At least one Massachusetts district court has explicitly rejected Plaintiffs' reasoning, distinguishing that "the criminal statutes cited by plaintiff apply to situations where the government chooses to prosecute a case, and offers anonymity to a victim who does not have a choice in or control over the prosecution" have no application in civil cases, where the "plaintiff instigates the action" and "must be prepared to proceed on the public record." *Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D at 422. Put differently, the goal of M.G.L. c. 265 §24 C is to ensure a victim's cooperation with the police and prosecution in a criminal proceeding, and therefore has no bearing in a civil context. *See Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) ("[T]his is a civil suit for damages, where plaintiff is seeking to vindicate primarily her own interests. This is not a criminal case where rape shield laws might provide some anonymity to encourage victims to testify to vindicate the public's interest in enforcement of our laws.").

### 2. Plaintiffs have not presented any evidence showing that their identification will pose a risk of retaliatory physical or mental harm.

The second *Sealed Plaintiff* factor is whether the moving party has presented evidence that

their identification will pose a risk of retaliatory physical or mental harm. *See Sealed Plaintiff*, 537 F. 3d at 190. To tip the scales toward anonymity, the alleged harm must represent "more than 'mere embarrassment' or 'social stigmatization.'" *Weinstein*, 2020 WL 5261243, at *3 (internal citations omitted). Similarly, allegations of harm articulated in conclusory or speculative terms are also insufficient to support an application to proceed anonymously. *See id.*; *see also Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406. And, to the extent an application to proceed anonymously is based on mental harm, the moving party must present supporting "medical documentation." *Id.*

Notably, although Massachusetts district courts do not utilize the *Sealed Plaintiff* test, they have adopted nearly identical requirements. *See W. New England Univ.*, 2019 WL 10890195, at *1 (motion denied where "Plaintiff fails to offer any evidence that his [mental health] condition will worsen as a result of disclosure" but instead "relies solely on conclusory allegations to support his argument"); *Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444, 453 (D. Mass. 2011) ("[T]he potential embarrassment or social stigma that Does 1–38 may face once their identities are released…is not grounds for allowing them to proceed anonymously."); *MacInnis,* 379 F. Supp 2d at 90 (motion denied where plaintiff "offer[ed] only a one-sentence, conclusory assertion that disclosure of her depressive/anxiety disorder could generate social stigma and discrimination unsupported by evidence or explanation.").

Here, Plaintiffs do not allege that they face any risk of retaliatory physical harm, nor have they presented any medical documentation showing that they are likely to suffer mental harm if they are publicly identified. Instead, they claim that, if their names are disclosed, unidentified individuals might subject them to "harassment, ostracizing, contempt, and ridicule," as well as "sexist and degrading questions about the incident."[7] *See* Doe #1 Decl. at ¶¶ 13, 18; Doe #2 Decl.

---

[7]     Plaintiffs also allege in vague and conclusory fashion, and for the first time in this litigation, that they have "experienced coworkers talking about the incident and disparaging [Plaintiffs] unwittingly to [their] face[s]." *See* Doe

at ¶ 6. Plaintiffs further suggest that, if subjected to such treatment, they would suffer "humiliation and shame[.]"[8] *See* Doe #1 Decl. at ¶ 20; Doe #2 Decl. at ¶ 5. Jane Doe #1 further claims that her identification in this lawsuit would "devastate" her "five adult children and their extended family." *See* Doe #1 Decl. at ¶ 21. In short, Plaintiffs have presented precisely the type of vague, conclusory, and speculative allegations of embarrassment and stigmatization that courts have found insufficient to warrant anonymity.[9]

Moreover, even assuming the truth of Plaintiffs' claims, courts within and outside of this Circuit have consistently denied motions to proceed anonymously based on almost identical allegations. *See Weinstein*, 2020 WL 5261243, at *4 (motion denied where plaintiff alleged that public disclosure of her identity could "spark…trauma," result in reporting on her "sexual history," including implications that "she simply does not want to take responsibility for her own actions"); *Lawson v. Rubin*, No. 17-cv-6404, 2019 WL 5291205, at *2 (E.D.N.Y. Oct. 18, 2019) ("[Plaintiffs] have not provided concrete justification for sealing here, besides the fact that they are the alleged victims of a sexual assault and that some of them have children. Plaintiffs primarily argue that they

---

#1 Decl. at ¶ 16; Doe #2 Decl. at ¶ 3. However, Plaintiffs tellingly fail to provide any further details as to when and where these remarks were allegedly made, nor do they identify the "coworkers" who purportedly made such remarks. Indeed, since the alleged incident in May 2018, Plaintiffs have never reported any other complaints of discrimination, harassment, or retaliation to JetBlue. *See* Fiske Decl. at ¶¶ 3-5. Regardless, as shown herein, the potential risk of future exposure to disparaging comments at work is insufficiently "exceptional" to sustain a motion to proceed anonymously.

[8]     Plaintiffs also note that this case has garnered attention both from the media and from anonymous commenters on the Internet, including a supposed "Facebook page which discussed [Plaintiffs] in an extremely sexist, degrading, and disparaging tone, causing [Jane Doe #1] to withdraw from the page," as well as a pilot's forum in which this lawsuit is described as "a money grab by flight attendants already caught lying about it[.]" *See* Mot. at 6-8, 18. Plaintiffs' concerns do not represent the type of exceptional circumstances warranting anonymity. *See Shakur*, 164 F.R.D. at 362 ("Even when a "'case [is likely to] to attract significant media attention,' a plaintiff's concerns about 'public humiliation and embarrassment' generally are "not sufficient grounds for allowing [her] to proceed anonymously.") (internal citations omitted). Indeed, "[m]edia outlets of all stripes have a constitutional right to print and air on television stories about this case." *Weinstein*, 2020 WL 5261243, at *4. And, by publicly leveling serious accusations against Defendants, Plaintiffs have "put [their] credibility in issue." *Id.*

[9]     Plaintiffs further allege that, given the alleged May 2018 incident, they are now "afraid to socialize with others unless [Plaintiffs] already know them well" and have become known as "slam clickers," a purported industry term referring to antisocial flight attendants. *See* Doe #1 Decl. at ¶¶ 7-8; Doe #2 Decl. at ¶ 9. However, Plaintiffs do not explain how or why granting their Motion will resolve their alleged anxieties, which appear to stem not from the threat of their public identification, but from the alleged assault around which this case revolves. Indeed, these allegations, even if true, have no bearing on Plaintiffs' request to proceed anonymously in this action.

will become subject to future criticism, social stigma, and ridicule, along with their children. The Court finds that argument unpersuasive[.]"); *Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *2 ("[A]lthough [plaintiff] argues that revealing her identity would exacerbate her emotional distress, such generalized harm, absent more direct evidence linking disclosure of her name to a specific physical or mental injury, is insufficient."); *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406; *MacInnis,* 379 F. Supp 2d at 90; *Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. at 420.

### 3. Plaintiffs have not presented any evidence of other harm that would arise from their identification, but only speculative fear of embarrassment.

The third *Sealed Plaintiff* factor is whether the moving party has presented any other evidence of harm that might result from their identification. *See Sealed Plaintiff*, 537 F. 3d at 190. Plaintiffs have failed to do so. Rather, Plaintiffs assert in vague and conclusory fashion that they have a "credible fear of reprisals by these pilots [Johnson and Watson]." *See* Mot. at 23. Plaintiffs' purported fear of retaliation is not only implausible, but based on demonstrably false allegations.

First, Defendants have known Plaintiffs' identities since at least in or around June 2019, when Judge Garaufis directed Plaintiffs to identify themselves to Defendants' counsel. Accordingly, "the cat is already out of the bag." *Doe v. Nat'l Conference of Bar Examiners*, No. 16-cv-264, 2017 WL 74715, at *3 (E.D.N.Y. Jan. 6, 2017) ("Plaintiff's argument that she must maintain anonymity because Defendants could retaliate against her is belied by the fact that she has already publicly disclosed her identity during the course of this litigation."); *see also Shakur*, 164 F.R.D. at 362 ("Plaintiff has not, however, provided any details, nor has she explained how or why the use of her real name in court papers would lead to harm, since those who presumably would have any animosity toward her already know her true identity.").

Second, Plaintiffs have not experienced any retaliation whatsoever since they commenced this action. *See* Fiske Decl. at ¶¶ 3-5. Nevertheless, Plaintiffs now assert for the first time that Jane

Doe #1 has "accepted a layoff offered to avoid any further contract [*sic*] with either Defendant or the environment of hostile comments"[10] – a claim that is belied by the indisputable fact that both Plaintiffs are presently and have remained employed with JetBlue throughout this litigation, have never been laid off or suffered any adverse employment action at any time since they commenced this action nearly two years ago, have <u>never</u> worked with Johnson or Watson, and have never once complained to JetBlue about experiencing any such "hostile comments" or any other discrimination, harassment, or retaliation since the alleged May 2018 incident. *See* Mot. at 18; Fiske. Decl. at ¶¶ 3-5; Johnson Decl. at ¶ 5; Watson Decl. at ¶ 7.

### 4. Plaintiffs are not particularly vulnerable to the harms of disclosure, which weighs toward disclosure and against anonymity.

The fourth *Sealed Plaintiff* factor is whether the moving party has presented evidence that they are especially vulnerable to the harms of disclosure. *See Sealed Plaintiff*, 537 F. 3d at 190. In their Motion, Plaintiffs claim that this factor weighs in their favor because they are both "middle aged, single women (one recently divorced and in a new relationship), where the harms of disclosure would be particularly damaging to their lives and professions." *See* Mot. at 19-20. However, courts have rejected such vague, conclusory allegations of vulnerability, and instead consistently required adult plaintiffs to identify themselves in litigations they have commenced. *See Townes*, 2020 WL 2395159, at *5 ("[B]ecause Plaintiff is an adult, the fourth factor weighs against proceeding anonymously."); *Weinstein*, 2020 WL 5261243, at *4 ("She has not identified any reason for the Court to treat her as more vulnerable than the great run of adult plaintiffs who bring allegations of sexual assault in their own names, subject to public scrutiny."). Put simply, "[i]f a plaintiff is not a child, this factor weighs against a finding for anonymity." *Doe v. Solera*

---

[10] Jane Doe #1's reference to a "layoff" appears to be a disingenuous effort to recast <u>benefits</u> that JetBlue provided her – namely, <u>voluntary</u> participation in time-off programs during which she received various non-monetary perks – as an adverse action. *See* Fiske. Decl. at ¶¶ 6-8.

*Capital LLC*, No. 18-cv-1769, 2019 WL 1437520, at *4 (S.D.N.Y. Mar. 31, 2019), *reconsideration denied*, 2019 WL 5485210 (S.D.N.Y. Oct. 25, 2019).

> **5. Plaintiffs are challenging the action of private parties, which weighs toward disclosure and against anonymity.**

Similarly, Plaintiffs argue, without any explanation or citation to applicable case law, that the fifth *Sealed Plaintiff* factor – whether the case involves private parties or governmental actors – weighs in their favor. *See* Mot. at 23-24. However, it is well established that <u>"[c]ourts are less inclined to grant a motion to proceed under a pseudonym when the suit involves only private parties."</u> *Weinstein*, 2020 WL 5261243, at *5; *see also Doe v. Paychex, Inc.*, No. 3:17-cv-2031, 2020 WL 219377, at *11 (D. Conn. Jan. 15, 2020) ("[T]he defendant in this suit is a private party, weighing in favor of denying a request to proceed anonymously."). This is because, "[w]hile suits against the government involve no injury to the Government's reputation, suits against private parties may cause damage to their good names and reputations – which supports denying a request to proceed anonymously." *Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *2.

> **6. Defendants are prejudiced by allowing Plaintiffs to litigate their claims anonymously, which weighs toward disclosure and against anonymity.**

The sixth *Sealed Plaintiff* factor, which is not meaningfully addressed in Plaintiffs' Motion, weighs <u>strongly</u> in favor of disclosure and against Plaintiffs. "In determining whether a defendant will be prejudiced, courts look at the damage to a defendant's reputation caused by the anonymous proceedings, difficulties in conducting discovery, and the fundamental fairness of proceeding in this manner." *Solera Capital LLC*, 2019 WL 1437520, at *6. Here, all of the Defendants are plainly prejudiced by permitting Plaintiffs to litigate their claims anonymously.

First, Plaintiffs' serious allegations of sexual assault are plainly damaging to Defendants' reputations – in particular, to Johnson and Watson, who have been publicly accused of committing the most heinous of crimes against Plaintiffs. *See Townes*, 2020 WL 2395159, at *5 ("In cases

where plaintiffs allege sexual assault, courts have found a reputational damage risk to a defendant."); *Anonymous v. Simon*, 13-cv-2927 2014 WL 819122, at *2 (S.D.N.Y. March 3, 2014) ("Plaintiff's allegations and public comments embarrass Defendant and place him under the same stigma that concerns Plaintiff."). Since being named in this lawsuit and by the media, Johnson and Watson have had to face the accompanying public opprobrium, including difficult experiences with their family (including Watson's minor children) and friends. *See* Johnson Decl., at ¶¶ 2-4; Watson Decl. at ¶¶ 2-6. Moreover, courts have recognized that employers like JetBlue have a "strong interest in avoiding the tarnish that comes with [an employee]'s request for anonymity" where that request "is premised on the unsupported contention that the [employer] will seek to retaliate against a former employee" for commencing the action – just like Plaintiffs' request is here. *Tolton v. Day*, No. 19-cv-945, 2019 WL 4305789, at *4 (D.D.C. Sept. 11, 2019).

Second, "[w]here a case involves potentially damaging allegations, 'basic fairness dictates that plaintiffs who publicly accuse defendants in civil suits must sue under their real names.'" *Solera Capital LLC*, 2019 WL 1437520, at *6 (internal citations omitted); *see also Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. at 422. Indeed, courts have recognized that defendants are "placed at a serious advantage" when a plaintiff is permitted to prosecute their cases anonymously, as they are "required to defend [themselves] publicly while plaintiff could make her accusations from behind a cloak of anonymity." *Shakur*, 164 F.R.D. at 361. Here, it is fundamentally unfair to permit Plaintiffs to anonymously lodge devastating accusations of the utmost seriousness against Johnson and Watson – accusations they vehemently deny – particularly when Plaintiffs effectively concede that the reason they wish to remain anonymous is based on speculative fears of embarrassment.

Third, and relatedly, Defendants would face serious and unfair obstacles in conducting meaningful discovery – particularly with respect to obtaining information from third parties,

whether by subpoena or otherwise – if Plaintiffs' Motion is granted. *See Weinstein*, No. 20-cv-6240, 2020 WL 5261243, at *5 (acknowledging the difficulty in obtaining discovery from third parties in a litigation involving an anonymous plaintiff). Indeed, Plaintiffs tellingly provide no explanation as to how Defendants will be able to obtain relevant discovery from the EEOC, the police department or hospital that Jane Doe #1 visited following the alleged May 2018 incident, or the family and friends with whom Plaintiffs have admittedly discussed their allegations.[11]

### 7. Plaintiffs' identities have already been disclosed to Defendants, the EEOC, a police department, a hospital, and Plaintiffs' family members and friends.

As noted above, Plaintiffs have concededly disclosed their names to a variety of third parties and governmental agents to date – even though they were not required to do so.[12] *See* Mot. at 8, 15. Notably, Massachusetts district courts have found that, where the moving party's identity has been reported to a police department or an administrative agency, the application to proceed anonymously is moot and should be denied. *See Word of Life Fellowship, Inc.*, 2011 WL 2968912, at *2 (motion denied because, "[p]rior to the commencement of the litigation," the moving party's identity was disclosed "to the Leicester Public Department…and the New York State Police"); *Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. at 422 (motion denied because "plaintiff's true identity was revealed in administrative proceedings, [so] the request for anonymity is effectively moot").

### 8. & 9. The public's interest in this litigation is furthered by requiring Plaintiffs to disclose their identities, and the issues in this case are fact-intensive.

Courts often examine the eighth and ninth *Sealed Plainitff* factors together by evaluating

---

[11]    For instance, to obtain the EEOC's investigation file pursuant to a Freedom of Information Act ("FOIA") request, one must generally identify the name of the Charging Party and show that the request is in connection with a pending litigation by providing, *inter alia*, a case caption. Similarly, it is unclear how Defendants can issue valid subpoenas to other third parties or conduct third-party depositions without identifying Plaintiffs. And, to the extent there are third parties who might wish to volunteer relevant discovery about Plaintiffs (including but not limited to impeachment evidence), Defendants will be deprived of such discovery.

[12]    Specifically, Plaintiffs were not required to identify themselves to the EEOC. Indeed, the agency's website expressly contemplates a process in which the complaining employee may remain anonymous. *See* https://www.eeoc.gov/confidentiality (last visited Feb. 18, 2021.).

whether the public's interest in the litigation is furthered by the plaintiff's identification, or whether there is an atypically weak public interest in the plaintiff's identity due to issues that are "purely legal in nature." *Weinstein*, 2020 WL 5261243, at *6; *see also Townes*, 2020 WL 2395159, at *6. Here, these two factors plainly weigh against Plaintiffs. Indeed, it is well established that where the case "do[es] not involve abstract questions of law, but specific factual allegations of harassment and assault, of both a non-sexual and sexual nature, and other mistreatment and abuse by Defendant…[t]hese issues 'further the public's interest in enforcing legal and social norms.'" *Townes*, 2020 WL 2395159, at *6 (internal citations omitted); *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 408 (observing that "the public interest in sexual assault and discrimination is very high" and that "[a]ny analysis and litigation in this case will be factual in nature"). Similarly, courts have acknowledged that the public has a valid interest in employment discrimination cases involving large employers, which is further supported by the significant media attention this case has garnered. *See, e.g.*, *Solera Capital LLC*, 2019 WL 1437520, at *6 ("[A]s this case involves alleged employment discrimination based on race by a company that prides itself on diversity, it is likely that the public will be interested in the facts of this case.").

### 10. There are alternative mechanisms for protecting Plaintiffs' confidentiality.

Here, there are a variety of alternative mechanisms to ensure Plaintiffs' privacy interests are protected, including a confidentiality agreement between the parties, a protective order, and/or appropriate document redactions. *See Weinstein*, 2020 WL 5261243, at *6; *Townes*, 2020 WL 2395159, at *6. Thus, the tenth and final *Sealed Plaintiff* factor weighs against Plaintiffs. *See id.*

### CONCLUSION

WHEREFORE, Defendants respectfully request that this Court enter an Order denying Plaintiffs' Motion, directing Plaintiffs to publicly identify themselves in their pleadings (through amendment or otherwise), and any further relief that the Court deems just and reasonable.

February 18, 2021                                        Respectfully submitted,

**JETBLUE AIRWAYS CORP.**

*/s/ Samantha Abeysekera*
Samantha Abeysekera
*Admitted Pro Hac Vice*
samantha.abeysekera@akerman.com
Raymond J. Berti
*Admitted Pro Hac Vice*
raymond.berti@akerman.com
Akerman LLP
520 Madison Avenue, 20th Floor
New York, New York 10007
(212) 880-3800

/s/ *Erik J. Winton*
Erik J. Winton (BBO No. 600743)
Erik.Winton@jacksonlewis.com
Matthew C. Chambers (BBO No. 703285)
matthew.chambers@jacksonlewis.com
Jackson Lewis P.C.
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116
(617) 367-0025

**DAN WATSON**

*s/ Catherine M. Foti*
Catherine M. Foti
*Admitted Pro Hac Vice*
CFoti@maglaw.com
Margaret N. Vasu
*Admitted Pro Hac Vice*
mvasu@maglaw.com
Morvillo Abramowitz Grand
Iason & Anello P.C.
565 Fifth Avenue
New York, New York 10017
(212) 856-9600

/s/ *Ethan Z. Davis*
Ethan Z. Davis (BBO No. 668973)
edavis@tddlegal.com
Tymann, Davis & Duffy, LLP
100 Cambridge Street, 14th Floor
Boston, Massachusetts 02114
(617) 933-9490

**ERIC JOHNSON**

*s/ Paul S. Hugel*
Paul S. Hugel
*Admitted Pro Hac Vice*
hugel@clayro.com
Thomas W. Dollar
*Admitted Pro Hac Vice*
dollar@clayro.com
Clayman & Rosenberg LLP
305 Madison Avenue, Suite 650
New York, New York 10165
(212) 922-1080

/s/ *Nicholas J. Rosenberg*
Nicholas J. Rosenberg (BBO No. 657887)
nick@gardnerrosenberg.com
Gardner & Rosenberg, PC
1 State Street, 4th Floor
Boston, Massachusetts 02109
(617) 390-7570

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on February 18, 2021.

/s/ *Samantha Abeysekera*
Samantha Abeysekera