UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| JANE DOE # 1,<br>JANE DOE # 2,<br><br>Plaintiffs,<br><br>-against-<br><br>JETBLUE AIRWAYS CORPORATION,<br>ERIC JOHNSON, individually, and<br>DAN WATSON, individually<br><br>Defendants. | Civil Action No.: 3:21-cv-01356-JAG |

**DEFENDANT JETBLUE AIRWAYS CORPORATION'S CONSENTED-TO MOTION FOR AN UPDATED BRIEFING SCHEDULE AND SUPPORTING MEMORANDUM OF LAW IN SUPPORT THEREOF**

**TO THE HONORABLE COURT:**

COMES NOW, co-defendant JetBlue Airways Corporation (hereinafter "JetBlue"), and through its undersigned attorneys very respectfully STATES and PRAYS:

1. Defendant JetBlue Airways Corporation ("JetBlue") respectfully moves this Court to adopt an updated briefing schedule in connection with JetBlue and co-defendants Eric Johnson ("Johnson") and Dan Watson's ("Watson") (together with JetBlue, "Defendants') anticipated motions to dismiss Plaintiffs' Second Amended Complaint[1], Plaintiffs' anticipated motion to proceed anonymously, and Plaintiffs' contemplated motion for leave to further amend the Second Amended Complaint, and submits this memorandum of law in support thereof **with Plaintiffs', Johnson's, and Watson's consent**.

---

[1] JetBlue also reserves its right to move for a more definite statement pursuant to Fed. R. Civ. P. 12(e) in light of Plaintiffs' bare recitation of purported claims pursuant to Puerto Rican law as set forth in the Second Amended Complaint's Sixteenth Cause of Action.

1

## PROCEDURAL POSTURE[2]

**Proceedings in the Eastern District of New York (March 2019 – August 2020)**

2. On March 18, 2019, Plaintiffs commenced this action by filing their original Complaint in the Eastern District of New York.

3. On June 25, 2019, counsel for Plaintiffs, JetBlue, Johnson, and Watson appeared at a pre-motion conference before District Court Judge Nicholas G. Garaufis in connection with Defendants' anticipated (and separate) motions to dismiss the Complaint, or, in the alternative, to transfer the case. Near the conclusion of this conference, Watson's counsel raised the issue of the propriety of Plaintiffs' anonymity, noting that Plaintiffs had not first sought leave from the Court to proceed as Jane Doe parties and were required to name themselves pursuant to Fed. R. Civ. P. 10. In response, Plaintiffs' counsel apologized for not previously seeking leave to do so and that Plaintiffs wished to remain anonymous. Thereafter, Judge Garaufis remarked that Plaintiffs would remain publicly anonymous "for the time being," directed Plaintiffs to identify themselves to Defendants in the interim (which they did) and informed the parties that they could raise the issue by application if "I still have the case" following Defendants' anticipated motions to dismiss or transfer. The Court then proceeded to set the briefing schedule on the jurisdictional and substantive deficiencies of Plaintiffs' Complaint. Other than this brief colloquy on June 25, 2019, there was no further discussion of Plaintiffs' anonymity while the case was pending in New York.

4. Thereafter, on September 6, 2019, per the parties' briefing schedule, JetBlue moved to

---

[2] Although Plaintiffs' counsel consent to the relief sought in this motion, they have indicated that they disagree with JetBlue's characterization of the procedural history herein regarding Judge Garaufis' treatment of Plaintiffs' anonymity.

dismiss the Complaint on various grounds; or, in the alternative, requested transfer for improper venue. Johnson and Watson also moved to dismiss.

5. On September 24, 2019, instead of opposing Defendants' motions, Plaintiffs filed an Amended Complaint.

6. On October 25, 2019, JetBlue moved to dismiss or transfer the Amended Complaint on the grounds that, in its view, Plaintiffs' amendments did not cure the deficiencies previously raised in Defendants' September 6th motion papers. Again, Johnson and Watson also moved to dismiss. Plaintiffs then opposed Defendants' motions, which were fully briefed as of November 27th.

7. On August 11, 2020, Judge Garaufis issued an Order "agree[ing] with Defendants that venue in the Eastern District of New York is improper," and transfer[ring] this case to the District of Massachusetts" and "defer[ring] decision on the merits of Defendants' motion to the transferee court."

**Proceedings in the District of Massachusetts (August 2020 – August 2021)**

8. On September 3, 2020, after this matter was transferred to the District of Massachusetts, District Court Judge Allison D. Burroughs denied Defendants' dispositive motions with leave to renew and permitted Plaintiffs to file another amended complaint on or by September 25th.

9. On September 25, 2020, Plaintiffs filed their Second Amended Complaint, which is, in JetBlue's view, deficient for all of the reasons that Defendants have previously identified in their earlier motion papers.[3]

---

[3] In their Second Amended Complaint, Plaintiffs – two currently employed female JetBlue Flight Attendants allege that in May 2018, while off-duty during an overnight layover in San Juan, Puerto Rico, they were assaulted by two male JetBlue Pilots – Johnson and Watson. Plaintiffs acknowledge that they met Johnson and Watson that same day, and had never previously worked together. Nonetheless, while Plaintiffs were relaxing and drinking alcohol on

3

10. Accordingly, on October 28, 2020, JetBlue moved to dismiss the Second Amended Complaint on largely the same grounds previously identified in its September 6, 2019 and October 15, 2019 motion papers. Johnson and Watson also moved to dismiss on, *inter alia*, jurisdictional grounds. The motions were fully briefed as of January 15, 2021.

11. On December 31, 2020, Plaintiffs moved to proceed anonymously as "Jane Doe" plaintiffs. The Defendants opposed Plaintiffs' motion, and the motion was fully briefed as of February 18, 2021.

12. On August 3, 2021, Judge Burroughs (i) denied <u>without prejudice</u> Defendants' motions to dismiss Plaintiffs' Second Amended Complaint; (ii) denied <u>without prejudice</u> Plaintiffs' motion to proceed anonymously; and (iii) transferred the case to the District of Puerto Rico on the grounds that the District Court of Massachusetts lacked the power to exercise personal jurisdiction over Watson and Johnson, and because the alleged acts that give rise to this case purportedly occurred in Puerto Rico.

**Proceedings in the District of Puerto Rico (August 2021 – Present)**

13. On August 5, 2021, the case was transferred to the District of Puerto Rico, and the case was assigned to former Chief District Court Judge Gustavo Gelpí.

14. On November 3, 2021, the case was reassigned to Your Honor.

---

the beach in San Juan, Plaintiffs approached Johnson and Watson, struck up a conversation, and realized that they all worked for JetBlue. Although there are sharp disputes over what followed during the course of that day (disputes which are immaterial for purposes of this motion), Plaintiffs allege that, when they returned from San Juan the next day, they complained to JetBlue about Johnson and Watson's behavior and JetBlue commenced an investigation, but thereafter failed to "properly investigate and respond" to Plaintiffs' satisfaction.

In connection with these allegations, Plaintiffs assert 20 causes of action, which include various claims of sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), New York City Human Rights Law ("NYCHRL"), and Massachusetts Fair Employment Practices Act ("FEPA") (Counts 1, 3, 6, 10, 19); retaliation under Title VII, the NYSHRL, and the NYCHRL (Counts 2, 5, 8); aiding and abetting discrimination and/or retaliation under the NYSHRL and NYCHRL (Counts 4, 7); interference under the NYCHRL (Count 9); failure to investigate under FEPA (Count 18); aiding and abetting discrimination and/or retaliation under FEPA (Count 20); intentional and negligent infliction of emotional distress ("IIED" and "NIED," respectively) (Counts 14-15); and a variety of Puerto Rico law claims (Count 16). (Second Amended Complaint, at ¶¶ 73-104, 123-140, 141-142, 149-161.)

4

15. By Order dated December 2, 2021 (Docket 97), this Honorable Court directed the parties to file, by December 10, 2021, a joint status report and proposed briefing deadlines in connection with Defendants' anticipated motions pursuant to Fed. R. Civ. P. 12 and Plaintiffs' anticipated motion to proceed anonymously.

16. On December 10, 2021, JetBlue filed a status report (Docket 98) indicating that Plaintiffs and Watson had not yet secured local counsel, and proposing a briefing schedule in connection with both Defendants' anticipated motions pursuant to Fed. R. Civ. P. 12 and Plaintiffs' anticipated motion to proceed anonymously.

17. By Order dated December 13, 2021 (Docket 100), the Court directed local counsel for Plaintiffs and Watson to appear by January 24, 2022; and set the following deadlines: (1) Defendants' responsive pleadings due by February 14, 2022; (2) Plaintiffs' oppositions thereto due by March 7, 2022; and (3) Defendants' replies, if any, due by March 21, 2022. The Court did not set any briefing schedule in connection with Plaintiffs' anticipated motion to proceed anonymously.

18. On December 16, 2021 and December 30, 2021, local counsel for Watson filed motions for leave to appear on his behalf (Docket 102-103).

19. On January 24, 2022, local counsel for Plaintiffs filed a motion for leave to appear on their behalf (Docket 104). Significantly, in Plaintiffs' motion, local counsel also asked for "an extension of time of no less than sixty (60) days be granted," up to March 26, 2022, during which he intends to "familiarize himself with the case" and consider, *inter alia*, whether to seek leave to further amend the Second Amended Complaint. *See* ECF No. 104. However, Plaintiffs' motion did not reference the briefing schedule set by the Court's December 13, 2021 Order in connection with Defendants' anticipated motions to dismiss the Second

Amended Complaint, or the issue of Plaintiffs' anonymity.

20. By Order dated January 31, 2022 (Docket 108), the Court granted Plaintiffs' January 24, 2022 motion.

## ARGUMENT

21. Since the filing of Plaintiffs' January 24, 2022, motion (Docket 104) and the issuance of the Court's January 31, 2022, Order (Docket 108), counsel for Plaintiffs and Defendants have conferred in a good-faith effort to streamline this case and avoid potentially unnecessary motion practice, particularly in light of Plaintiffs' recent representations that they are considering whether to seek leave to further amend the Second Amended Complaint.

22. Most significantly, the parties agree and respectfully submit that it would be a waste of the parties' and the Court's time and resources for Defendants to move against the Second Amended Complaint if Plaintiffs intend to seek leave to further amend that pleading.

23. Additionally, with the Court's approval, the parties have agreed to temporarily adjourn the resolution of the issue of Plaintiffs' ongoing anonymity pending Plaintiffs' decision as to whether or not to seek leave to further amend the Second Amended Complaint and, if not, the resolution of Defendants' anticipated motions pursuant to Fed. R. Civ. P. 12.

24. Accordingly, the parties have agreed to a briefing schedule pursuant to which Defendants' anticipated motions to dismiss the Second Amended Complaint set by the Court's December 13, 2021, Order (Docket 100) and Plaintiffs' anticipated motion to proceed anonymously shall be adjourned pending a threshold decision by Plaintiffs as to whether they will be seeking leave to further amend the Second Amended Complaint, as follows:

   a. Should Plaintiffs decide to seek leave to amend the Second Amended Complaint, they shall file their motions for leave to amend and to proceed anonymously by

March 26, 2022; Defendants' oppositions to these motions will be due April 26, 2022; and Plaintiffs' replies, if any, will be due May 10, 2022. In this event, Defendants' time to respond to the Second Amended Complaint will be stayed for a period of 30 days pending the Court's resolution of Plaintiffs' motion for leave to amend the Second Amended Complaint.

b. Should Plaintiffs decide <u>not</u> to seek leave to amend the Second Amended Complaint, they shall inform Defendants by March 26, 2022. Thereafter, Defendants' motions to dismiss the Second Amended Complaint (and/or for a more definite statement) will be due April 26, 2022; Plaintiffs' opposition will be due May 26, 2022; and Defendants' replies, if any, will be due June 13, 2022. In this event, Plaintiffs' time to seek leave to proceed anonymously will be stayed for a period of 30 days pending the Court's resolution of Defendants' Fed. R. Civ. P. 12 motions.

25. The parties respectfully submit that, in their view, their proposed briefing schedule is the most fair, streamlined, and efficient way to proceed given the various complex, threshold issues that must be resolved over the next 60 days.

## CONCLUSION

WHEREFORE, JetBlue respectfully requests, <u>with all the other parties' consent</u>, that the Court approve the parties' proposed briefing schedule in connection with Defendants' anticipated motions pursuant to Fed. R. Civ. P. 12; Plaintiffs' anticipated motion to proceed anonymously; and Plaintiffs' contemplated motion for leave to further amend the Second Amended Complaint.

**RESPECTFULLY SUBMITTED.**

**IT IS HEREBY CERTIFIED** that on this same date a true and exact copy of the foregoing was filed electronically with the Clerk of the Court via the CM/ECF system, which will send notification of such filing to the following all attorneys of record.

In San Juan, Puerto Rico, this 10th day of February, 2022.

JETBLUE AIRWAYS CORP.,

By its attorneys,

**Adsuar Muñiz Goyco**
**Seda & Pérez-Ochoa, P.S.C.**
208 Ponce de León Ave., Suite 1600
San Juan, PR 00918
(787) 756-9000

*s/ Edwin J. Seda-Fernández*
Edwin J. Seda-Fernández, Esq.
seda@amgprlaw.com

*s/ Mariel Y. Haack*
Mariel Y. Haack, Esq.
mhaack@amgprlaw.com

**Akerman LLP**
1251 Avenue of the Americas
37th Floor
New York, New York 10020
(212) 880-3800

*s/ Samantha Abeysekera*
Samantha Abeysekera
Admitted *Pro Hac Vice*
samantha.abeysekera@akerman.com

*s/ Raymond J. Berti*
Raymond J. Berti
Admitted *Pro Hac Vice*
raymond.berti@akerman.com