IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JANE DOE #1**<br>**JANE DOE #2**<br><br>**PLAINTIFFS,**<br><br>v.<br><br>**JETBLUE AIRWAYS CORPORATION, et. al.,**<br><br>**DEFENDANTS.** | Civil NO:21-01356(JAG)<br><br>**PLAINTIFFS DEMAND TRIAL BY JURY** |

## MOTION FOR LEAVE TO CONTINUE TO PROCEED UNDER PSEUDONYM

### TO THE HONORABLE COURT:

Comes now plaintiffs, **JANE DOES #1-2**, through the undersigned attorneys, and respectfully files this Motion for Leave to Continue to Proceed under Pseudonym as Ordered by the Court in New York. In support thereof, Plaintiff would show unto the Court as follows:

1. Around December 31, 2020, Plaintiffs filed under seal their motion for leave to continue to proceed under pseudonym as ordered by the court in New York (Dkt. 72-73).

2. In support of their Motion, Plaintiffs stated that any information relating to identifying Plaintiffs and the conduct at issue in the lawsuit, is already governed by an Order from the Eastern District of New York to proceed under pseudonym. Additionally, the information sought to be protected was obtained under promised confidentiality pursuant to Defendant Jet Blue's policies and procedures.

3. Second, public disclosure of the Plaintiffs' names and the pleadings and proceedings in this action would have a severe, damaging impact on the Plaintiffs and their ability to perform their jobs, and intensify the hostile environment arising from the sexual assault without consent, and from the inadequate investigation of it. This would aggravate the very damage prohibited by the sexual harassment laws which they seek to enforce.  In its response at the EEOC, Jet Blue admitted it was including foreseeably graphic and shaming details pertaining to the plaintiffs. The protections from foreseeable reprisals at work are factors warranting pseudonyms for a currently employed worker alleging rape. In the instant case, plaintiffs fear being isolated, shunned, stigmatized and disgraced while working in small close knit crews who have wide awareness of the suit because of media proliferation.  Revealing the plaintiff's identities, would reopen the risk of further public humiliation, with strangers and co-workers in the industry expected to excoriate the credibility or morals of the Plaintiffs.

4. Third, Plaintiffs have otherwise preserved the confidentiality of their names except to an extremely limited circle of close friends and family and Plaintiffs' identities have been kept confidential by Defendant Jet Blue, at the Equal Employment Opportunity Commission ("EEOC"), at the Eastern District of New York, at the District of Massachusetts, and in this Court.

5. Fourth, numerous other courts have permitted plaintiffs to use a pseudonym and to seal the proceedings under comparable circumstances. Further, JetBlue has assented to filing of lawsuits involving sexual assaults under pseudonym with the same law firm, the Derek Smith Law Group, PLLC, which originally filed this matter.

6. Fifth, it is within the court's sound discretion to consider an assessment of the damage to the Plaintiffs based upon their ages, if there were forced to reveal their names. Here, two mid-career women, both vulnerable as single or recently divorced women, will be adversely affected personally and in their professional mobility by stigma and disgrace if their names are made public.

7. Sixth, the privacy of rape victims has historically received protection by sealed, redacted or pseudonymous names. Therefore, the Eastern District of New York, properly balanced the factors of protecting the privacy of victims in rape and intent- to-rape cases, with public access to trials. In this case, where no governmental party is involved, disputes involving private parties require less public disclosure, and more protection is afforded to protect professional reputations.

8. Seventh, the severe harm to third parties if this Court forces Plaintiffs' to reveal their names, warrants confidentiality. Here, revealing their identities would not only harm Plaintiffs, but it would also cause great harm to another crew member that deliberately did not want to get involved in this lawsuit, preserving her privacy, as well as the five adult children of Doe # 1.

9. Eighth, Defendants accepted the Court Order in New York granting the Plaintiffs anonymity at the time. By delay and knowing failure to identify any challenge under Rule 10(a)(1) during 18 months of pre-motion conferences and discussions until this matter was raised in the District of Massachusetts, Defendants have waived or forfeited their right to oppose or contest the instant motion.

10. Finally, no prejudice to the Defendants can arise from proceeding under a pseudonym. If this motion were granted, it only serve to protect Plaintiffs' legitimate privacy interests.

11. As such, Plaintiffs are filing the instant motion to continue to proceed under a pseudonym and relying upon their previously filed motion which was filed under seal in the District of Massachusetts, in support of their motion. In the event this Court does not have Plaintiffs' previously filed motion papers and requires a copy before deciding the instant motion, the undersigned respectfully requests to provide same under seal.

**WHEREFORE**, premises considered, Plaintiff hereby requests the Court to permit Plaintiffs to continue to proceed under pseudonym as ordered by the court in New York.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico this 28th day of March of 2022.

**WE HEREBY CERTIFY** that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**
One Penn Plaza, Suite 4905
New York, New York 10119
(212) 587-0760
dan@dereksmithlaw.com

/s/Daniel J. Altaras, Esq.
(NY Bar No. 5481007)
Admitted *Pro Hac Vice*

**MANUEL PORRO VIZCARRA**
**LAW OFFICES**
382 Escorial Avenue
Urb. Caparra Heights
San Juan, P.R. 00920

4

Telephone 787-774-8200
Facsimile 787-774-8297

**/S/MANUEL PORRO-VIZCARRA**
USDC # 207006
mpv@mpvlawpr.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

5