## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| JANE DOE # 1,<br>JANE DOE # 2,<br><br>                         Plaintiffs,<br><br>       -against-<br><br>JETBLUE AIRWAYS CORPORATION,<br>ERIC JOHNSON, individually, and<br>DAN WATSON, individually<br><br>      Defendants. | Civil Action No.: 3:21-cv-01356-JAG |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO CONTINUE UNDER PSEUDONYM AND SUPPORTING MEMORANDUM OF LAW IN SUPPORT THEREOF

**TO THE HONORABLE COURT:**

COME NOW, defendants JetBlue Airways Corporation ("JetBlue"), Eric Johnson ("Johnson") and Eric Watson ("Watson") (together, "Defendants"), and through their undersigned attorneys very respectfully STATE and PRAY:

1.  Defendants respectfully submit this opposition to Plaintiffs Jane Doe #1 ("Doe #1") and Jane Doe #2's ("Doe #2") (together, "Plaintiffs") March 28, 2022, Motion for Leave to Continue to Proceed Under Pseudonym (Docket No. 113) (the "Motion") and submit this memorandum of law in support thereof.

### INTRODUCTION

2.  As set forth in greater detail below, and as previously explained in great detail in Defendants' February 18, 2021, opposition to Plaintiffs' prior application (Docket No. 81), it is well established that each and every party in a civil action must publicly identify themselves by their real names <u>unless</u> they can present compelling evidence that their

1

privacy interests outweigh the strong constitutional presumption toward openness in judicial proceedings. *See, e.g.*, Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."); Fed. R. Civ. P. 17(a)(1) (absent specified exceptions, "[a]n action must be prosecuted in the name of the real party in interest"); *Nat'l Org. for Marriage v. McKee*, 649 F.3d 34, 70 (1st Cir. 2011) ("Only the most compelling reasons can justify the non-disclosure of judicial records."); *Brown v. U.S. Dep't of Veterans Affs.*, No. 18-CV-54-PB, 2019 WL 13137935, at *2 (D.N.H. Apr. 16, 2019) (The First Circuit "has made clear that there is a 'presumption in favor of public access'" in judicial proceedings and records.); *Doe v. Bell Atlantic Business Systems, Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995) ("In the civil context, the plaintiff instigates the action, and, except in the most exceptional cases, must be prepared to proceed on the public record.").

3.    Here, Plaintiffs have publicly alleged that, in May 2018, Johnson and Watson drugged them, and that Johnson then raped Doe #1 – devastating allegations of the utmost seriousness, and which Johnson and Watson vehemently deny – yet seek to hide behind a shield of anonymity based on vague, conclusory, and speculative claims that they might face embarrassment and social stigmatization if they were required to publicly name themselves nearly four (4) years after the alleged incident.[1]

4.    Significantly, Plaintiffs have not submitted <u>any</u> legal authority or factual support in connection with their Motion. Instead, Plaintiffs purport to "rely[] upon their previously filed motion which was filed under seal in the District of Massachusetts" on or about December 31, 2020 (Docket Nos. 70, 72-73), and then briefly summarize the arguments

---

[1] To be clear, Jane Doe #2 does not allege that she was sexually assaulted. Rather, she alleges that she was drugged, but, unlike Jane Doe #1, became sick and went back to her own hotel room without engaging in or witnessing any sexual activity. *See* Second Amended Complaint, at ¶¶ 45-46.

they set forth in that prior application.

5.    Here, Plaintiffs have not presented the compelling evidence necessary to overcome the strong presumption toward the disclosure of their identities. Instead, Plaintiffs have – yet again – merely presented the same vague, conclusory, and speculative allegations of potential embarrassment and stigmatization that courts have consistently held are insufficient to overcome the public's presumptive right of access to judicial proceedings.

6.    Further, the "evidence" Plaintiffs presented in that prior application is now 16 months' stale. Accordingly, Plaintiffs have not provided <u>any</u> legitimate reason why the Court should grant the relief they seek today, nearly four (4) years after the alleged incident involving Johnson and Watson.

7.    Even more tellingly, Plaintiffs' Motion yet again fails to address the weight of authority that has consistently and overwhelmingly rejected applications similar to theirs on the grounds that comparable claims of embarrassment, shame, reputational harm, social stigmatization, and even economic hardship are insufficient to overcome the strong presumption of disclosure and openness in judicial proceedings – "even where a plaintiff alleges a more violent form of sexual assault" like that alleged by Doe #1 here. *Doe v. Gong Xi Fa Cai, Inc.*, No. 19-cv-2678, 2019 WL 3034793, at *1 (S.D.N.Y. July 10, 2019); *see infra*, at 9-11.

8.    In sum, a request for the extraordinary relief like the one presented in Plaintiffs' Motion should rarely be granted, and only where the moving party has come forward with affirmative, compelling evidence of the need for such extraordinary relief – evidence that is plainly lacking from both Plaintiffs' Motion and Plaintiffs' prior application.

## RELEVANT BACKGROUND

9.     On or about March 18, 2019, Plaintiffs commenced this action in the Eastern District of

New York. In violation of well-established Second Circuit precedent, Plaintiffs did not

contemporaneously seek leave to proceed anonymously.[2] *See Doe v. Bedford Cent. Sch.*

*Dist.,* No. 18-cv-11797, 2019 WL 493819, at *1 (S.D.N.Y. Feb. 8, 2019) ("[A] plaintiff

may proceed anonymously <u>only</u> with leave of Court.") (Emphasis added) (citing *Sealed*

*Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008)).

10.    On May 6, 2019, JetBlue submitted a letter-motion (Docket No. 8) requesting that the Court

schedule a pre-motion conference in connection with its anticipated motion to dismiss for

improper venue or, in the alternative, to transfer for the convenience of the parties and

witnesses.

11.    On June 20 and June 21, 2019, Johnson and Watson, respectively, also filed applications

(Docket Nos. 14-15) requesting a pre-motion conference in connection with their

anticipated motions to dismiss.

12.    On June 25, 2019, the parties appeared at the requested pre-motion conference before

District Court Judge Nicholas G. Garaufis to discuss the jurisdictional and substantive

deficiencies of Plaintiffs' Complaint.

13.    Near the conclusion of this June 25th conference, Watson's counsel raised the issue of the

propriety of Plaintiffs' anonymity, noting that Plaintiffs had not first sought leave from the

Court to proceed as Jane Doe parties and were required to name themselves pursuant to

Fed. R. Civ. P. 10. *See* Dkt. Entry No. 62, Exh. A at 19:1-20:12. In response, Plaintiffs'

---

[2]     Plaintiffs' failure to first seek leave to proceed anonymously is also violative of precedent in this Circuit. *See, e.g.*, *Doe v. Spears*, 393 F. Supp. 3d 123, 127 (D. Mass. 2019) ("Even if plaintiff could state a viable claim for relief, this Court would dismiss the amended complaint for failure to comply with the pleading requirements of Fed. R. Civ. P. 10(a)…The plaintiff here did not seek leave of Court to proceed under a pseudonym.").

counsel apologized for not previously seeking leave to do so and stated, without any further

explanation or argumentation, that Plaintiffs wished to remain anonymous. *Id.* at 19:13-23.

14.   Thereafter, Judge Garaufis remarked that Plaintiffs would remain publicly anonymous "for

the time being," directed Plaintiffs to identify themselves to Defendants in the interim

(which they did) and informed the parties that they could raise the issue by application if

"I still have the case" following Defendants' anticipated motions to dismiss or transfer. *Id.*

at 19:24-20:14. The Court then proceeded to set the briefing schedule on the jurisdictional

and substantive deficiencies of Plaintiffs' Complaint.

15.   Other than this brief colloquy on June 25, 2019, there was no further discussion of

Plaintiffs' anonymity while the case was pending in New York, and no formal Order was

ever issued on the issue. Similarly, the July 1, 2019, docket entry following the June 25th

conference makes no mention of Plaintiffs' anonymity whatsoever.

16.   Ultimately, Judge Garaufis "agree[d]…that venue in the Eastern District of New York

[wa]s improper" and, on August 11, 2020, transferred this case to the District of

Massachusetts. Judge Garaufis' Order transferring the case did not otherwise address the

issue of Plaintiffs' anonymity.

17.   Accordingly, Plaintiffs' assertion in their Motion that their "any information relating to

identifying Plaintiffs and the conduct at issue in the lawsuit, is already governed by an

Order from the Eastern District of New York to proceed under pseudonym" is

demonstrably false. *See* Motion at 1.

18.   Likewise, Plaintiffs' unsupported contention that Defendants have "waived or forfeited

their right to oppose or contest" the Motion by "accept[ing] the Court Order in New York

granting the Plaintiffs anonymity at the time" is patently meritless. *See* Motion at 3. Rather,

the record is clear that the reason Defendants did not brief this issue earlier was Judge Garaufis' directive that the parties should first deal with the threshold issues, *e.g.*, whether it was proper for Plaintiffs to commence an action in New York when they were challenging purported conduct that occurred in Puerto Rico and/or Boston – and address the issue of Plaintiffs' anonymity thereafter. *See* Dkt. Entry No. 62, Exh. A at 19:24-20:14.

19.   Critically, the issue of Plaintiffs' anonymity was also not resolved in the District of Massachusetts either. Instead, the issue was briefed concurrently with Defendants' motions to dismiss (Docket Nos. 62-66, 70, 72-73) before District Court Judge Allison D. Burroughs, who subsequently issued an Order (Docket No. 84) denying without prejudice Defendants' motions to dismiss Plaintiffs' Second Amended Complaint; denying without prejudice Plaintiffs' motion to proceed anonymously; and transferred the case to the District of Puerto Rico on the grounds that the District Court of Massachusetts lacked the power to exercise personal jurisdiction over Watson and Johnson, and because the alleged acts that give rise to this case purportedly occurred in Puerto Rico.

20.   In sum, and contrary to the account in Plaintiffs' Motion, this is the first time the issue of Plaintiffs' anonymity will be substantively addressed by any court.

### ARGUMENT

### I.   Relevant Authority & Standard of Review.

21.   The Federal Rules of Civil Procedure explicitly require all parties to a litigation to proceed in their real names. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."); Fed. R. Civ. P. 17(a)(1) (absent specified exceptions, "[a]n action must be prosecuted in the name of the real party in interest"). The Rules do not contain any mechanism for a party to seek leave to proceed anonymously. "Plainly, that is because the

American public has a 'strong interest in an open litigation process' where the parties are identified and their disputes are resolved in the public's view." *Verogna v. Twitter, Inc.*, No. 20-CV-536-SM, 2020 WL 5077094, at *1 (D.N.H. Aug. 27, 2020) (quoting *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011)).

22.     Similarly, "[t]he First Circuit Court of Appeals has yet to explicitly permit pseudonymous practice." *Brown v. U.S. Dep't of Veterans Affs.*, No. 18-CV-54-PB, 2019 WL 13137935, at *2 (D.N.H. Apr. 16, 2019); *see also Doe v. Reg'l Sch. Unit No. 21*, No. 2:19-00341-NT, 2020 WL 2833248, at *2 (D. Me. May 29, 2020) ("Neither the U.S. Supreme Court nor the First Circuit has 'definitively articulated' when a plaintiff may proceed under a pseudonym.").

23.     In the absence of explicit guidance, district courts in the First Circuit have developed a balancing test to evaluate parties' requests to proceed anonymously based on how the Court has analyzed analogous requests to seal judicial records. *See, e.g.*, *Brown*, 2019 WL 13137935, at *2 (observing that, "[i]n the related context of a request to seal judicial records…the court has made clear that there is a 'presumption in favor of public access.'").

24.     Specifically, the First Circuit requires parties seeking to seal judicial records to affirmatively establish the existence of "exceptional circumstances" that "overbear the public's [presumptive] right of access." *F.T.C. v. Standard Fin. Mgmt. Corp.,* 830 F.2d 404, 412 (1st Cir. 1987); *see also McKee*, 640 F.3d at 70. Indeed, the First Circuit has repeatedly emphasized the strong presumption of "public access to judicial proceedings and records," *see United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013), and consistent affirmation that "[o]nly the most compelling reasons can justify the non-disclosure of judicial records," *see Nat'l Org. for Marriage v. McKee*, 649 F.3d 34, 70 (1st Cir. 2011).

25.   Significantly, the First Circuit has further described this constitutional presumption toward transparency in judicial proceedings as "strong and sturdy," and explicitly recognized that "[p]ublic access to judicial records and documents allows the citizenry to monitor the functioning of our courts," which ensures "quality, honesty and respect for our legal system." *McKee*, 640 F.3d at 70.

26.   Based on these principles, district courts in the First Circuit employ a similar balancing test when evaluating parties' applications to proceed anonymously by weighing the party's purported privacy interests against the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. W. New England Univ.*, No. 19-cv-30124, 2019 WL 10890195, at *1 (D. Mass. Dec. 16, 2019) (internal citations omitted); *see also Anonymous v. Legal Servs. Corp. of Puerto Rico*, 932 F. Supp. 49, 50 (D.P.R. 1996) (evaluating whether plaintiff had established "a strong privacy interest" in proceeding anonymously).

27.   These district courts have taken to heart the First Circuit's direction that, in evaluating requests to seal judicial records, courts should be mindful that "the scales tilt decidedly toward transparency." *McKee*, 649 F.3d at 70. Specifically, these courts have consistently held that, when evaluating a party's application to proceed anonymously, "[t]he burden is upon the proponent to demonstrate the need for confidentiality." *MacInnis v. Cigna Grp. Ins. Co. of Am.*, 379 F. Supp. 2d 89, 90 (D. Mass. 2005).

28.   Thus, to prevail on an application to proceed anonymously in the First Circuit, the moving party bears the burden of producing affirmative evidence demonstrating that the need for anonymity outweighs the public's presumptive interest in disclosure and may not rely on mere "conclusory allegations." *W. New England Univ.*, 2019 WL 10890195, at *1.

29. Courts have also recognized that, unlike motions to seal judicial records, "it would be fundamentally unfair to allow [a] plaintiff to make such serious allegations against them without standing, as they must, in a public forum." *See Bell Atlantic Business Systems, Inc.*, 162 F.R.D. at 422; *see also Doe v Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F3d 1036, 1042 (9th Cir. 2010) ("The normal presumption...that parties must use their real names...is loosely related to the public's right to open courts and the right of private individuals to confront their accusers.") (internal citations omitted); *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (observing that defendants are "placed at a serious disadvantage" when a plaintiff is permitted to prosecute their cases anonymously, as they are "required to defend [themselves] publicly while plaintiff could make her accusations from behind a cloak of anonymity").

30. Accordingly, it is "very well established that anonymous litigation is 'disfavor[ed],' and should be permitted only under exceptional circumstances." *Brown*, 2019 WL 13137935, at *1; *Bell Atlantic Business Systems, Inc.*, 162 F.R.D. at 422 ("In the civil context, the plaintiff instigates the action, and, except in the most exceptional cases, must be prepared to proceed on the public record."); *Doe v. Univ. of Rhode Island*, No. 93-cv-0560B, 1993 WL 667341, at *3 (D.R.I. Dec. 28, 1993) ("Plaintiff has not shown this case to be one of those exceptional cases where anonymity is warranted.").

## II.   Plaintiffs' Motion Should Be Denied Because They Cannot Satisfy Their Burden Of Overcoming The Strong Constitutional Presumption Toward Identification.

31. Based on the strong constitutional presumption toward disclosure and related principles of fundamental fairness discussed above, district courts both within and outside of this Circuit regularly deny motions to proceed anonymously filed by alleged victims of sexual assault, even where they present evidence that their public identification is likely to cause them

embarrassment, shame, reputational harm, social stigmatization, and even economic hardship. *See, e.g.*, *Doe v. Cook Cty., Illinois*, 542 F. Supp. 3d 779, 783 (N.D. Ill. 2021) (female plaintiff's motion to proceed anonymously denied where she alleged that a Cook County Sheriff's Officer "came into [her] beauty salon without invitation" and "then forced Doe to perform oral sex on him"); *Ramsbottom v. Ashton*, No. 3:21-CV-00272, 2021 WL 2651188, at *1 (M.D. Tenn. June 28, 2021) (denying motion to proceed anonymously where female plaintiff "alleged that she was seventeen years old in 2012 when she was 'targeted, groomed and sexually exploited' by Ashton, who used his fame and position of power to coerce [plaintiff] into having sexual intercourse with him in exchange for money and other things of value and insisted that she take 'sexually explicit photos of herself and send them to [him] for his sexual gratification'"); *Doe v. McLellan*, No. 20-cv-5997, 2020 WL 7321377, at *2 (E.D.N.Y. Dec. 10, 2020) (finding that "plaintiff['s] claims that while intoxicated and unconscious, she was sexually assaulted by the defendant" were "not sufficient to entitle a plaintiff to proceed under a pseudonym"); *Roe v. Does 1-11*, No. 20-cv-3788, 2020 WL 6152174, at *4 (E.D.N.Y. Oct. 14, 2020) (observing the "general trend to disfavor anonymity in sexual assault-related civil cases"); *Doe v. Townes*, No. 19-cv-8034, 2020 WL 2395159, at *3 (S.D.N.Y. May 12, 2020) (motion denied where "Plaintiff alleges a history of physical, emotional, and sexual abuse by her former employer, including "forcible touching, repeated verbal assaults, blackmail, extortion, and fears for her safety and the safety of her family"); *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019) (motion denied where plaintiff claimed that "that she was drugged by a co-worker, sexually assaulted while unconscious, and subject to ridicule and sexual harassment following the incident"); *Doe v. Ocean Reef*

*Cmty. Ass'n*, No. 19-10138-CIV, 2019 WL 5102450, at *1 (S.D. Fla. Oct. 11, 2019) (motion denied where plaintiff alleged that defendant engaged in sexual harassment and assault "by demanding that she engage in certain sexual acts with him, by retaining electronic copies of certain sexually explicit photos and videos that [defendant] took of her, and by making unwelcome and public sexual advances on her during work hours"); *Brownlee v. Monroe Cty. Corr. Facility*, No. 18-cv-1318, 2019 WL 2160402, at *3 (M.D. Pa. May 17, 2019) ("Plaintiff's belief that his sexual assault will become 'entertainment for the public'…simply does not overcome the strong presumption against allowing parties to use a pseudonym."); *Doe H. v. Haskell Indian Nations Univ.*, 266 F. Supp. 3d 1277, 1289 (D. Kan. 2017) ("Courts facing similar actions for sexual assaults or harassment by employers or in university settings have generally required adult plaintiffs to proceed in their own name."); *Doe v. Word of Life Fellowship, Inc*., 2011 WL 2968912 (D. Mass. July 18, 2011); *MacInnis,* 379 F. Supp.2d 89; *Bell Atlantic Business Systems, Inc.*, 162 F.R.D. at 421 (motion denied where female plaintiff alleged that she was sexually assaulted by her supervisor, during which she may have contracted HIV, and had since become a "virtual prisoner in her home").

32.     Tellingly, Plaintiffs' four-page, perfunctory Motion does not even attempt to grapple with this weight of authority or the applicable principles underlying these decisions. In fact, the Motion does not contain any legal authority or factual support whatsoever.

33.     Instead, Plaintiffs simply invoke their earlier, 16-month-old application for anonymity filed in the District of Massachusetts, and then briefly recite some of the arguments set forth therein. *See* Motion at 1-4.

34.     Significantly, the First Circuit has repeatedly held that "issues adverted to in a perfunctory

manner, unaccompanied by some effort at developed argumentation, are deemed waived." *De Araujo v. Gonzalez*, 457 F.3d 146, 153 (1st Cir. 2006); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").

35.    Accordingly, Defendants respectfully submit that Plaintiffs' wholly unsupported and woefully deficient request for anonymity should be disregarded and/or deemed waived or forfeited. *See Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999)("The district court is free to disregard arguments that are not adequately developed."); *Ginorio v. Contreras* (D.P.R. June 13, 2008), *aff'd sub nom. Guillemard-Ginorio v. Contreras-Gomez*, 585 F.3d 508 (1st Cir. 2009) ("This is yet another undeveloped argument that fails to cite to any authority, and, as such, should be deemed waived.").

36.     However, to the extent the Court declines to deny the Motion on these grounds, the Motion should nevertheless be dismissed on the merits for all of the reasons previously explained in Defendants' opposition to Plaintiffs' earlier application (Docket No. 81), and as set forth in greater detail below.

**A. Plaintiffs' Earlier Application Relies On Non-Controlling Second Circuit Law That Actually Undercuts Plaintiffs' Arguments For Anonymity.**

37.    For unknown reasons, the arguments in the December 2020 application Plaintiff previously submitted to the District of Massachusetts are grounded entirely in the Second Circuit's decision in *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188-189 (2d Cir. 2008), which established a 10-factor test to evaluate applications to proceed anonymously. Plaintiffs' reliance on *Sealed Plaintiff* is plainly improper.

38.     First, this case has long been transferred out of the Second Circuit, so *Sealed Plaintiff* is
        not controlling authority here. Indeed, the First Circuit has never adopted the 10-factor test
        set forth in *Sealed Plaintiff*, and it does not appear that any district court in this Circuit has
        expressly relied on it. *See, e.g.*, *Doe v. Trustees of Dartmouth Coll.*, No. 18-CV-690-JD,
        2018 WL 5801532, at *1 (D.N.H. Nov. 2, 2018) ("The First Circuit has not addressed the
        issue of proceeding anonymously").

39.     Second, Plaintiffs' reliance on *Sealed Plaintiff* is inexplicable given that district courts in
        the Second Circuit applying the 10-factor test have overwhelmingly rejected similar
        motions to proceed anonymously filed by Plaintiffs' counsel in cases involving almost
        identical allegations of sexual assault as those alleged by Plaintiffs here. *See, e.g.*, *Townes*,
        2020 WL 2395159, at *3 (motion denied where "Plaintiff alleges a history of physical,
        emotional, and sexual abuse by her former employer, including "forcible touching,
        repeated verbal assaults, blackmail, extortion, and fears for her safety and the safety of her
        family"); *Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *1 (motion denied where "Plaintiff
        alleges that she was harassed and humiliated by Defendant Briatico's 'inappropriate,
        unwanted, and sexually motivated physical contact' as well as the retaliation that
        followed"); *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 404 (motion denied where
        Plaintiff alleged that "she was drugged and brutally raped by Defendant Primus").

40.     Third, in the years since *Sealed Plaintiff* was decided, the Second Circuit has stressed that
        "pseudonyms are the exception and not the rule, and in order to receive the protections of
        anonymity, a party must make a case rebutting that presumption." *United States v. Pilcher*,
        950 F.3d 39, 45 (2d Cir. 2020). It is now well established that, under the *Sealed Plaintiff*
        10-factor test, "speculative" allegations of harm are insufficient to sustain a motion to

proceed anonymously. *Id.* Similarly, the Second Circuit has since clarified that a party's "interest in not suffering professional embarrassment and any concomitant financial harm" is insufficient to sustain a motion to proceed anonymously. *Doe v. Delta Airlines Inc.*, 672 F. App'x 48, 52 (2d Cir. 2016).

41.     Notably, these developments in the Second Circuit are wholly consistent with the decisions issued by both the First Circuit and its subsidiary district courts discussed above, which have required plaintiffs to present affirmative evidence of substantial harm that outweighs the presumption of disclosure. *See supra*, at 7-9.

42.     In sum, Plaintiffs' reliance on *Sealed Plaintiff* is unavailing. And, even assuming that the Second Circuit's 10-factor test was appropriate here, these factors do not weigh in favor of anonymity for all of the reasons previously set forth in Defendants' opposition to Plaintiffs' earlier application (Docket No. 81), and as discussed further below.

**B.  Plaintiffs' Motion Does Not Present Any Supporting Authority Or Evidence, But Instead Simply Summarizes Unavailing Arguments From Their Earlier Application.**

43.     In addition to invoking their earlier application for anonymity, Plaintiffs' Motion also briefly summarizes the arguments set forth therein. Specifically, Plaintiffs recite, without any supporting law or evidence, nine reasons why they believe their request should be granted. These reasons, all of which were previously addressed by Defendants in their opposition to Plaintiffs' earlier application (Docket No. 81), remain meritless and unworthy of credence.

44.     *First*, Plaintiffs claim that the issue of their anonymity is "already governed by an Order from the Eastern District of New York to proceed under pseudonym." *See* Motion at 1. However, as has already explained, this is not accurate. *See supra*, at 5-6.

45.     Plaintiffs also confusingly assert, without further explanation or support, that "the

information sought to be protected was obtained under promised confidentiality pursuant to Defendant Jet Blue's policies and procedures." *See* Motion at 1. To the extent that Plaintiffs are suggesting that a party should be permitted to proceed anonymously simply because their employer's policies and procedures are crafted to encourage complainants to come forward and to comply with applicable law, Plaintiffs' argument is patently baseless. As previously discussed, courts regularly deny motions to proceed anonymously in cases involving employers with similar confidentiality policies and procedures.

46.   *Second*, Plaintiffs speculate that "public disclosure of the Plaintiffs' names and the pleadings and proceedings in this action would have a severe, damaging impact on the Plaintiffs and their ability to perform their jobs and intensify the hostile environment arising from the sexual assault without consent, and from the inadequate investigation of it." *See* Motion at 2. Plaintiffs further state that they "fear being isolated, shunned, stigmatized and disgraced while working in small close-knit crews who have wide awareness of the suit because of media proliferation." *See id.*

47.   However, Plaintiffs have not provided any evidence whatsoever to support these vague, conclusory and speculative allegations other than stale, 16-month-old affidavits that were similarly vague, conclusory, and speculative. Notably, courts have repeatedly found that such unsupported allegations, without more, are insufficient to support an application to proceed anonymously. *See, e.g.*, *W. New England Univ.*, 2019 WL 10890195, at *1 (motion denied where "Plaintiff fails to offer any evidence that his [mental health] condition will worsen as a result of disclosure" but instead "relies solely on conclusory allegations to support his argument"); *Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444, 453 (D. Mass. 2011) ("[T]he potential embarrassment or

social stigma that Does 1–38 may face once their identities are released…is not grounds for allowing them to proceed anonymously."); *MacInnis,* 379 F. Supp 2d at 90 (motion denied where plaintiff "offer[ed] only a one-sentence, conclusory assertion that disclosure of her depressive/anxiety disorder could generate social stigma and discrimination unsupported by evidence or explanation.").

48.     Moreover, Defendants have known Plaintiffs' identities since at least in or around June 2019, when Judge Garaufis directed Plaintiffs to identify themselves to Defendants' counsel. Accordingly, "the cat is already out of the bag." *Doe v. Nat'l Conference of Bar Examiners*, No. 16-cv-264, 2017 WL 74715, at *3 (E.D.N.Y. Jan. 6, 2017) ("Plaintiff's argument that she must maintain anonymity because Defendants could retaliate against her is belied by the fact that she has already publicly disclosed her identity during the course of this litigation."); *see also Shakur*, 164 F.R.D. at 362 ("Plaintiff has not, however, provided any details, nor has she explained how or why the use of her real name in court papers would lead to harm, since those who presumably would have any animosity toward her already know her true identity.").

49.     It is also undisputed that Plaintiffs have not suffered any retaliation since they complained to JetBlue in May 2018 – they both have remain employed with JetBlue throughout this litigation, have never been laid off or suffered any adverse employment action at any time since they commenced this action nearly four (4) years ago, have <u>never</u> worked with Johnson or Watson, and have never once complained to JetBlue about experiencing any other discrimination, harassment, or retaliation since the alleged May 2018 incident. *See* Dkt. Entry No. 81, Attachment 1 (Watson Decl.), at ¶ 7; Attachment 2 (Johnson Decl.), at ¶ 5; and Attachment 3 (Fiske Decl.), at ¶¶ 3-5.

50.     In sum, Plaintiffs' vague, conclusory, and speculative fears of the social and/or professional consequences of their identification are plainly belied by the undisputed evidence.

51.     *Third*, Plaintiffs argue that the Court should issue an Order permitting them to remain anonymous because they "have otherwise preserved the confidentiality of their names except to an extremely limited circle of close friends and family and Plaintiffs' identities have been kept confidential by Defendant Jet Blue, at the Equal Employment Opportunity Commission ('EEOC'), at the Eastern District of New York, at the District of Massachusetts, and in this Court." *See* Motion at 2.[3]

52.     However, Plaintiffs tellingly do not cite any authority for the proposition that the constitutional presumption toward disclosure and openness in judicial proceedings is overcome where a party does not widely broadcast their participation in a litigation. Indeed, the only reason that Plaintiffs remain publicly anonymous is because they improperly commenced this action in an improper venue, *i.e.*, the Eastern District of New York, and then improperly failed to file an application to proceed anonymously with the Court in accordance with well-established law. *See, e.g.*, *Doe v. Spears*, 393 F. Supp. 3d 123, 127 (D. Mass. 2019) ("Even if plaintiff could state a viable claim for relief, this Court would dismiss the amended complaint for failure to comply with the pleading requirements of Fed. R. Civ. P. 10(a)…The plaintiff here did not seek leave of Court to proceed under a pseudonym."). Put differently, Plaintiffs should not be rewarded for improper litigation

---

[3] It is not clear how effectively Plaintiffs have "preserved the confidentiality" of their names. Indeed, Plaintiffs concede in their Motion – just as they did in their previous application, and in their Complaint – that they have already disclosed their names to various family members, EEOC employee(s), the police officer(s) and hospital worker(s) with whom Jane Doe #1 allegedly spoke following the May 2018 incident, and the Defendants (including the JetBlue employees who investigated Plaintiffs' allegations against Johnson and Watson). *See* Motion at 2; *see* Second Amended Complaint, at ¶¶ 23, 25. Regardless, Plaintiffs' efforts to maintain confidentiality of a lawsuit on a personal level are completely irrelevant to the balancing test regarding a party's request to remain anonymous notwithstanding the constitutional presumption toward judicial transparency.

tactics that have nevertheless managed to work to their favor.

53.     *Fourth*, Plaintiffs state that "numerous other courts have permitted plaintiffs to use a pseudonym and to seal the proceedings under comparable circumstances," but tellingly fail to identify any of those courts and/or other relevant authority.[4] *See* Motion at 2.

54.     *Fifth*, Plaintiffs implore the Court to use its discretion to consider "their ages" in connection with their Motion, asserting that, as "two mid-career women, both vulnerable as single or recently divorced women, [they] will be adversely affected personally and in their professional mobility by stigma and disgrace if their names are made public." *See* Motion at 3. Again, Plaintiffs have not provided any evidence or other support for this speculative claim.

55.     Further, courts have rejected such vague, conclusory allegations of vulnerability, and instead consistently required adult plaintiffs to identify themselves in litigations they have

---

[4]     Additionally, Plaintiffs assert that "JetBlue has assented to filing of lawsuits involving sexual assaults under pseudonym with the same law firm, the Derek Smith Law Group, PLLC, which filed this matter." *See* Motion at 2. Based on Plaintiffs' earlier application, which included a similar misrepresentation, it appears that Plaintiffs are referring to *Jane Doe #1 and Jane Doe # 2 v. United States*, Civ. Act. No. Case 9:08-cv-80736-KAM (S.D. Fla.) and *Jane Doe v. JetBlue Airways Corp.*, Case No. 1:20-cv-101 (E.D.N.Y.). However, as JetBlue previously explained in their earlier opposition, Plaintiffs' assertion is demonstrably false.

First, with respect to the Southern District of Florida matter, Plaintiffs' statements here are baffling, as neither JetBlue nor Plaintiffs' counsel were involved in that case. Rather, that litigation revolved around sexual assault victims of Jeffrey Epstein. JetBlue cannot venture why Plaintiffs would make such a transparently false argument.

Second, with respect to the Eastern District of New York matter, JetBlue acknowledges that it is presently litigating another sexual harassment action in which the plaintiff is represented by Plaintiffs' counsel, but denies that it "assented" to that plaintiff's motion to proceed anonymously. Rather, after reviewing plaintiff's application, which contained evidence that plausibly suggested a risk that plaintiff's ex-husband might engage in some form of domestic violence if he learned of her involvement in the case, JetBlue declined to submit an opposition thereto. *See Doe v. JetBlue Airways Corp.*, Case No. 1:20-cv-101 (E.D.N.Y.), Dkt. Entry Nos. 27-28, 34. Unlike the plaintiff in that case, Plaintiffs here have not offered any such evidence, but instead simply speculate that they might suffer embarrassment should they be identified. As shown herein, Plaintiffs' vague and conclusory allegations of reputational harm are insufficient to sustain their Motion. Further, it bears noting that, in connection with the pending Eastern District of New York matter, Plaintiffs' counsel has recently acknowledged that, despite the sensitive allegations of sexual harassment involved in that case and accompanying risk of embarrassment and social stigmatization, the plaintiff's anonymity is no longer appropriate because she has voluntarily disclosed her involvement in the lawsuit to her ex-husband without incident. Accordingly, the plaintiff has now filed a letter-motion in which she voluntarily requests that the Court take appropriate action to identify her in public pleadings going forward. *See Doe v. JetBlue Airways Corp.*, Case No. 1:20-cv-101 (E.D.N.Y.), Dkt. Entry No. 51.

voluntarily decided to commence. *See, e.g.*, *Townes*, 2020 WL 2395159, at *5 ("[B]ecause Plaintiff is an adult, the fourth factor weighs against proceeding anonymously."); *Doe v. Weinstein*, No. 20-cv-6240, 2020 WL 5261243, at *4 (S.D.N.Y. Sept. 3, 2020) ("[Plaintiff] has not identified any reason for the Court to treat her as more vulnerable than the great run of adult plaintiffs who bring allegations of sexual assault in their own names, subject to public scrutiny."). Put simply, "[i]f a plaintiff is not a child, this factor weighs against a finding for anonymity." *Doe v. Solera Capital LLC*, No. 18-cv-1769, 2019 WL 1437520, at *4 (S.D.N.Y. Mar. 31, 2019), *reconsideration denied*, 2019 WL 5485210 (S.D.N.Y. Oct. 25, 2019).

56.   *Sixth*, Plaintiffs declare – again without citing any legal authority whatsoever – that "the privacy of rape victims[5] has historically received protection by sealed, redacted or pseudonymous names." *See* Motion at 3. Again, this unsupported proposition runs contrary to the weight of authority discussed, *infra*, at 9-11.

57.   Plaintiffs also inaccurately state that, based on this supposed history of protection afforded to rape victims, "the Eastern District of New York, properly balanced the factors of protecting the privacy of victims in rape and intent-to-rape cases, with public access to trials." *See* Motion at 3. As previously discussed, Judge Garaufis never engaged in any such balancing, but instead simply directed the parties to delay briefing on the issue of Plaintiffs' anonymity until the threshold issues of the case – such as where the case should even be litigated – were resolved.

58.   *Seventh*, Plaintiffs speculate that there will be "severe harm to third parties if this Court forces Plaintiffs' to reveal their names," theorizing that "revealing their identities would

---

[5]   Again, it bears repeating that Jane Doe #2 does <u>not</u> allege that she is a rape victim.

not only harm Plaintiffs, but it would also cause great harm to another crew member that deliberately did not want to get involved in this lawsuit, preserving her privacy, as well as the five adult children of Doe # 1." *See* Motion at 3.

59.     However, Plaintiffs again fail to provide any evidence in support of the proposition that disclosing their identities nearly four (4) years after the alleged May 2018 incident would cause "severe harm" to anyone at all. Plaintiffs also fail to explain how the relief sought in their Motion – *i.e.*, an Order permitting the two of them to continue litigating anonymously – would also preserve potential witnesses' and/or third parties' anonymity.

60.     Additionally, given the strong presumption toward judicial transparency, courts have found "unpersuasive" the argument that the children of an alleged victim of sexual assault may face public embarrassment justifies anonymity. *See, e.g.*, *Lawson v. Rubin*, No. 17-cv-6404, 2019 WL 5291205, at *2 (E.D.N.Y. Oct. 18, 2019) ("[Plaintiffs] have not provided concrete justification for sealing here, besides the fact that they are the alleged victims of a sexual assault and that some of them have children. Plaintiffs primarily argue that they will become subject to future criticism, social stigma, and ridicule, along with their children. The Court finds that argument unpersuasive[.]").

61.     *Eighth*, Plaintiffs disingenuously argue that "Defendants accepted the Court Order in New York granting the Plaintiffs anonymity at the time" and thereby "waived or forfeited their right to oppose or contest the instant motion." *See* Motion at 3.

62.     As previously explained, there was no such Court Order. Instead, the issue of Plaintiffs' anonymity was temporarily put to the side while the parties litigated the threshold issues of the case. Further, Plaintiffs tellingly cite no authority for the proposition that parties "waive" or "forfeit" their "right" to oppose an application to proceed anonymously. Rather,

it is the public's presumptive "right" to judicial transparency that guides courts in evaluating such applications – a "right" Plaintiffs plainly do not afford much credence.[6]

63.     *Ninth*, and finally, Plaintiffs claim that "no prejudice to the Defendants can arise from proceeding under a pseudonym." *See* Motion at 4. In so doing, they conveniently ignore Defendants' earlier opposition to Plaintiff's previous application, in which they demonstrated a variety of ways that JetBlue, Johnson, and Watson were all prejudiced by Plaintiffs' anonymity.

64.     First, Plaintiffs' serious allegations of sexual assault are plainly damaging to Defendants' reputations – in particular, to Johnson and Watson, who have been publicly accused of committing the most heinous of crimes against Plaintiffs. *See Townes*, 2020 WL 2395159, at *5 ("In cases where plaintiffs allege sexual assault, courts have found a reputational damage risk to a defendant."); *Anonymous v. Simon*, 13-cv-2927 2014 WL 819122, at *2 (S.D.N.Y. March 3, 2014) ("Plaintiff's allegations and public comments embarrass Defendant and place him under the same stigma that concerns Plaintiff."). Since being named in this lawsuit and by the media, Johnson and Watson have had to face the accompanying public opprobrium, including difficult experiences with their family (including Watson's minor children) and friends. *See* Dkt. Entry No. 81, Attachment 1 (Watson Decl.), at ¶¶ 2-6; Attachment 2 (Johnson Decl.), at ¶¶ 2-4. Moreover, courts have

---

[6] In contrast, district courts have repeatedly recognized that cases that "involve… specific factual allegations of harassment and assault, of both a non-sexual and sexual nature, and other mistreatment and abuse by Defendant…[t]hese issues 'further the public's interest in enforcing legal and social norms.'" *Townes*, 2020 WL 2395159, at *6 (internal citations omitted); *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 408 (observing that "the public interest in sexual assault and discrimination is very high" and that "[a]ny analysis and litigation in this case will be factual in nature"). Similarly, courts have acknowledged that the public has a valid interest in employment discrimination cases involving large employers, which is further supported by the significant media attention this case has garnered. *See, e.g.*, *Solera Capital LLC*, 2019 WL 1437520, at *6 ("[A]s this case involves alleged employment discrimination based on race by a company that prides itself on diversity, it is likely that the public will be interested in the facts of this case.").

recognized that employers like JetBlue have a "strong interest in avoiding the tarnish that comes with [an employee]'s request for anonymity" where that request "is premised on the unsupported contention that the [employer] will seek to retaliate against a former employee" for commencing the action – just like Plaintiffs' request is here. *Tolton v. Day*, No. 19-cv-945, 2019 WL 4305789, at *4 (D.D.C. Sept. 11, 2019).

65. Second, "[w]here a case involves potentially damaging allegations, 'basic fairness dictates that plaintiffs who publicly accuse defendants in civil suits must sue under their real names.'" *Solera Capital LLC*, 2019 WL 1437520, at *6 (internal citations omitted); *see also Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. at 422. Indeed, courts have recognized that defendants are "placed at a serious advantage" when a plaintiff is permitted to prosecute their cases anonymously, as they are "required to defend [themselves] publicly while plaintiff could make her accusations from behind a cloak of anonymity." *Shakur*, 164 F.R.D. at 361. Here, <u>it is fundamentally unfair to permit Plaintiffs to anonymously lodge devastating accusations of the utmost seriousness against Defendants</u> – accusations they vehemently deny – particularly when Plaintiffs effectively concede that the reason they wish to remain anonymous is based on speculative fears of embarrassment.

66. Third, and relatedly, <u>Defendants would face serious and unfair obstacles in conducting meaningful discovery – particularly with respect to obtaining information from third parties, whether by subpoena or otherwise – if Plaintiffs' Motion is granted</u>. *See Weinstein*, 2020 WL 5261243, at *5 (acknowledging the difficulty in obtaining discovery from third parties in a litigation involving an anonymous plaintiff). Importantly, Plaintiffs have yet to provide any explanation as to how Defendants will be able to obtain relevant discovery from the EEOC, the police department or hospital that Jane Doe #1 visited following the

alleged May 2018 incident, or the family and friends with whom Plaintiffs have admittedly discussed their allegations.[7]

*       *       *       *

67.    In sum, the thrust of Plaintiff's Motion is that, because this case involves serious and sensitive allegations that could cause Plaintiffs embarrassment if they were identified by name, they should be permitted to remain anonymous indefinitely.

68.    However, Plaintiffs tellingly do not – and cannot – marshal any factual evidence or legal support for this position, even though it is unambiguously their burden to do so.

69.    Instead, the only "evidence" Plaintiffs have presented are vague, conclusory, and self-serving affidavits that are now 16 months old. Such stale evidence is insufficient to justify the extraordinary relief now sought by Plaintiffs.

70.    Further, Plaintiffs' legal position is flatly contradicted by the weight of authority holding that the strong presumption of judicial transparency and openness outweighs personal privacy interests in all but the most exceptional cases, and only where the moving party presents affirmative, compelling evidence of real, non-speculative harm – evidence Plaintiffs have not produced.

71.    Put simply, Plaintiffs have failed to meet their burden of showing that this is one of those exceptional cases in which anonymity is justified.

72.    For these and the reasons previously set forth in their earlier opposition to Plaintiff's application to proceed anonymously (Docket No. 81), Plaintiff's Motion should be denied.

---

[7] For instance, to obtain the EEOC's investigation file pursuant to a Freedom of Information Act ("FOIA") request, one must generally identify the name of the Charging Party and show that the request is in connection with a pending litigation by providing, *inter alia*, a case caption. Accordingly, the only way for Defendants to obtain the EEOC's investigation file for Plaintiffs' Charges of Discrimination is to publicly identify them in their FOIA request. Similarly, it is unclear how Defendants can issue valid subpoenas to other third parties or conduct third-party depositions without identifying Plaintiffs by name. And, to the extent there are third parties who might wish to volunteer relevant discovery about Plaintiffs (including but not limited to impeachment evidence), Defendants will be deprived of such discovery.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court deny Plaintiffs' Motion For Leave To Continue to Proceed Under Pseudonym and direct Plaintiffs to identify themselves in all future pleadings and other public filings.

**RESPECTFULLY SUBMITTED.**

**IT IS HEREBY CERTIFIED** that on this same date a true and exact copy of the foregoing was filed electronically with the Clerk of the Court via the CM/ECF system, which will send notification of such filing to the following all attorneys of record.

In San Juan, Puerto Rico, this 26th day of April, 2022.

**JETBLUE AIRWAYS CORP.,**

By its attorneys,

Adsuar Muñiz Goyco Seda
& Pérez-Ochoa, P.S.C.
208 Ponce de León Ave., Suite 1600
San Juan, PR 00918
(787) 756-9000

*/s/ Edwin J. Seda-Fernández, Esq.*
Edwin J. Seda-Fernández, Esq.
seda@amgprlaw.com

*/s/ Mariel Y. Haack*
Mariel Y. Haack, Esq.
mhaack@amgprlaw.com

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, New York 10020
(212) 880-3800

*/s/ Samantha Abeysekera*
Samantha Abeysekera
Admitted *Pro Hac Vice*
samantha.abeysekera@akerman.com

*/s/ Raymond J. Berti*
Raymond J. Berti
Admitted *Pro Hac Vice*
raymond.berti@akerman.com

**ERIC JOHNSON**

By his attorneys,

CORREA-ACEVEDO & ABESADA
LAW OFFICES, P.S.C
Centro Internacional de Mercadeo, Torre II
#90 Carr. 165, Suite 407
Guaynabo, PR 00968
Tel. (787) 273-8300
Fax. (787) 273-8379

*/s/Roberto Abesada-Agüet*
Roberto Abesada-Agüet
USDC-PR No. 216706
ra@calopsc.com

**DAN WATSON**

By his attorneys,

RC LEGAL & LITIGATION SERVICES, PSC
CHUBB BUILDING, SUITE 801
CALLE RESOLUCIÓN #33
SAN JUAN, PR 00920
TEL. (787) 777-8000 / FAX. (787) 767-7107

/s/ Roberto Ruiz Comas
ROBERTO RUIZ COMAS
USDC-PR 204313
roberto@rclegalpr.com