UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| JANE DOE # 1,<br>JANE DOE # 2,<br><br>Plaintiffs<br><br>-against-<br><br>JETBLUE AIRWAYS CORPORATION,<br>ERIC JOHNSON, individually, and<br>DAN WATSON, individually<br><br>Defendants | Civil Action No.: 3:21-cv-01356-JAG |

**DEFENDANTS' MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF THE COURT'S APRIL 28, 2022, DOCKET ORDER REGARDING PLAINTIFFS' <u>MOTION TO PROCEED ANONYMOUSLY</u>**

**TO THE HONORABLE COURT:**

COMES NOW, co-defendants JetBlue Airways Corporation ("JetBlue"), Eric Johnson ("Johnson") and Dan Watson ("Watson") (together, "Defendants'), and through their undersigned attorneys, very respectfully STATE and PRAY:

1. Out of an abundance of caution, to preserve their appellate rights, to avoid prejudice during the discovery and/or trial phases of this litigation, and to ensure that the parties understand how best to proceed, Defendants respectfully move this Court pursuant to Fed. R. Civ. P. 60 to reconsider and/or clarify its April 28, 2022 docket Order regarding Defendants' opposition to Plaintiffs' motion to proceed anonymously. *See* ECF Nos. 113, 115, 117.

2. On March 28, 2022, Plaintiffs filed a four-page, perfunctory motion to proceed anonymously. *See* ECF No. 113. Although it is the moving party's burden to demonstrate a need for anonymity that overcomes the Federal Rules' and strong constitutional presumption toward disclosure of parties' identities, Plaintiffs' motion was not supported by affidavits, declarations, documents, or any

1

evidentiary content whatsoever. *See, e.g.,* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."); Fed. R. Civ. P. 17(a)(1) (absent specified exceptions, "[a]n action must be prosecuted in the name of the real party in interest"); *Nat'l Org. for Marriage v. McKee*, 649 F.3d 34, 70 (1st Cir. 2011) ("Only the most compelling reasons can justify the non-disclosure of judicial records."); *Brown v. U.S. Dep't of Veterans Affs.*, No. 18-CV-54-PB, 2019 WL 13137935, at *2 (D.N.H. Apr. 16, 2019) (The First Circuit "has made clear that there is a 'presumption in favor of public access'" in judicial proceedings and records.); *Doe v. Bell Atlantic Business Systems, Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995) ("In the civil context, the plaintiff instigates the action, and, except in the most exceptional cases, must be prepared to proceed on the public record.").

3. On April 26, 2022, Defendants timely filed their opposition to Plaintiffs' motion to proceed anonymously. *See* ECF No. 115.

4. On April 28, 2022, before the May 10, 2022 deadline by which Plaintiffs were due to file their reply briefs pursuant to the parties' February 10, 2022 briefing schedule, the Court granted Plaintiffs' motion to proceed anonymously via docket Order. *See* ECF No. 117 ("ORDER granting [113] Motion for Miscellaneous Relief.").

5. Respectfully, and out of an abundance of caution, Defendants note that the April 28, 2022 docket Order does not discuss (1) the factual or legal basis for the Court's decision; (2) whether or not the issue of Plaintiffs' anonymity may be revisited at a later time during the litigation (*e.g.*, at trial, should the case survive dismissal on the pleadings and/or summary judgment; or, for instance, should further discovery reveal that Plaintiffs have widely disclosed their identities to additional third parties, thereby obviating the need for anonymity); and/or (3) how the parties should engage in third-party discovery while simultaneously complying with the Court's April 28, 2022 docket Order (*i.e.*, under what circumstances the parties may identify Plaintiffs by their real names to third

parties in order to obtain relevant information and/or documentation they could not otherwise obtain if they were strictly prohibited from identifying Plaintiffs by name to anyone who is not a party to this litigation).[1]

6. Defendants do not make this request for reconsideration and/or clarification lightly, and only do so after much thought and deliberation to preserve their appellate rights, to avoid prejudice during the discovery and/or trial phases of this litigation, and to ensure that the parties understand how best to proceed with litigation in a manner that does not otherwise violate the Court's directives.

7. Accordingly, Defendants respectfully submit that the Court should reconsider its April 28, 2022 docket Order, and deny Plaintiffs' perfunctory, unsupported motion to proceed anonymously for all of the reasons set forth in Defendants' April 26, 2022 opposition; or, in the alternative, to provide clarification on the Court's factual and legal reasoning, whether or not the issue of Plaintiffs' anonymity may be revisited later in the litigation, and how the parties may engage in third party discovery while simultaneously complying with the Court's April 28, 2022 docket Order.

8. Finally, Defendants request that the Court schedule an argumentative hearing on this issue.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court reconsider and/or clarify its April 28, 2022 docket Order regarding Plaintiffs' motion to proceed anonymously; grant an argumentative

---

[1] This third and final point is not speculative. Indeed, Plaintiffs' Third Amended Complaint – as well as their motion to proceed anonymously – identifies a variety of third-party sources of discovery, including but not limited to the U.S. Equal Employment Opportunity Commission ("EEOC"); the hotel at which Plaintiffs were staying, and at which Jane Doe #1 alleges she was assaulted; the police department and hospital that Jane Doe #1 purportedly visited following the alleged assault; and the family and friends with whom Plaintiffs have admittedly discussed their allegations. As it stands now, it is not clear how the parties should – or even can – lawfully obtain such discovery in accordance with the Court's April 28, 2022 Order.

For instance, to obtain the EEOC's investigation file pursuant to a Freedom of Information Act ("FOIA") request, one must generally identify the name of the Charging Party and show that the request is in connection with a pending litigation by providing, *inter alia*, a case caption. Accordingly, the only way for Defendants to obtain the EEOC's investigation file for Plaintiffs' Charges of Discrimination is to publicly identify them by name in their FOIA request. Similarly, it is unclear how Defendants can issue valid subpoenas to other third parties or conduct third-party depositions without identifying Plaintiffs by name.

hearing regarding this issue; and grant any other relief it deems proper and just.

**RESPECTFULLY SUBMITTED.**

**IT IS HEREBY CERTIFIED** that on this same date a true and exact copy of the foregoing was filed electronically with the Clerk of the Court via the CM/ECF system, which will send notification of such filing to the following all attorneys of record.

In San Juan, Puerto Rico, this 25th day of May, 2022.

**JETBLUE AIRWAYS CORP.,**

By its attorneys,

Adsuar Muñiz Goyco Seda & Pérez-Ochoa, P.S.C.
208 Ponce de León Ave., Suite 1600
San Juan, PR 00918
(787) 756-9000

*/s/ Edwin J. Seda-Fernández*
Edwin J. Seda-Fernández, Esq.
seda@amgprlaw.com

*/s/ Mariel Y. Haack*
Mariel Y. Haack, Esq.
mhaack@amgprlaw.com


**ERIC JOHNSON**

By his attorneys,

CORREA-ACEVEDO & ABESADA
LAW OFFICES, P.S.C
Centro Internacional de Mercadeo, Torre II
#90 Carr. 165, Suite 407
Guaynabo, PR 00968
Tel. (787) 273-8300
Fax. (787) 273-8379

*/s/Roberto Abesada-Agüet*
Roberto Abesada-Agüet
USDC-PR No. 216706
ra@calopsc.com

4

5

**DAN WATSON**

By his attorneys,

RC LEGAL & LITIGATION SERVICES, PSC
CHUBB BUILDING, SUITE 801
CALLE RESOLUCIÓN #33
SAN JUAN, PR 00920
TEL. (787) 777-8000 / FAX. (787) 767-7107

/s/ Roberto Ruiz Comas
ROBERTO RUIZ COMAS
USDC-PR 204313
roberto@rclegalpr.com