## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JANE DOE #1**<br>**JANE DOE #2,** | **Civil NO:21-01356(JAG)** |
| **PLAINTIFFS,** | **PLAINTIFFS DEMAND**<br>**TRIAL BY JURY** |
| **v.** | |
| **JETBLUE AIRWAYS**<br>**CORPORATION, et. al.,** | |
| **DEFENDANTS.** | |

### MOTION FOR RECONSIDERATION

**TO THE HONORABLE COURT:**

COME now Plaintiffs in this case, through undersigned counsel, and very respectfully file this Motion for Reconsideration to the Order issued by this Court on May 10, 2022, in which it denied Plaintiffs' Motion for Leave to Proceed under Pseudonym. In support thereof, movants STATE and PRAY as follows:

### **INTRODUCTION**

1. On May 25, 2022, Defendants filed their Motion for Reconsideration and/or Clarification of the Court's April 28, 2022, Docket Order Regarding Plaintiffs' Motion to Proceed Anonymously. (Dkt. No. 123).

2. Defendants claimed that Plaintiffs' Motion for Leave to Continue to Proceed under Pseudonym, Dkt No. 113, was a perfunctory motion, in that it was not supported by affidavits, declarations or any other evidence, or factual or legal basis for such a relief. See Dkt. No. 123, ¶¶ 2.

3.  On May 31, 2022, Plaintiffs filed their Opposition to the Defendants' Motion. See Dkt. No. 124.

4.  In Plaintiffs' Opposition, the Court was made aware that Plaintiffs' motion was clearly based on prior motions and prior decisions of the Court. See Dkt. 124 at ¶¶ 3-4; citing Dkt. No. 113, ¶¶ 1-2, 11.

5.  The above notwithstanding, the Court ruled that Plaintiffs had not provided sufficient legal or factual support for their request, considering the presumption of public disclosure in legal proceedings. See Dkt. No. 128.  Because Plaintiffs respectfully aver that the decision of the Court should be reversed, in the interests of justice, they file this Motion to Reconsider the Order of the Court.

### Rule 60(b) of the Federal Rules of Civil Procedure

6.  Movants request the Court to reconsider this ruling because Plaintiffs had in fact provided sufficient legal and factual support for their petition under Rule 60(b) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 60(b).

7.  Federal Rule of Civil Procedure 60(b), empowers a court in certain situations to relieve a party from a previous judgment or order. To qualify for Rule 60(b) relief, the movant must fall under one of the six (6) specified categories and move for such relief within a reasonable time. The text of the rule provides that relief is appropriate on the basis of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment

2

upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

8. Rule 60(b) empowers a Court, when one of the above bases has been satisfied, to exercise its considerable discretion to counteract injustice. Wright & Kane, Law of Federal Courts 707-708 (6th ed. 2002).

9. Rule 60 (b)(6) provides for relief when "any other reason justif[ies] relief from the operation of the judgment. Courts have aptly described this catch all provision as "a grand reservoir of equitable power to do justice in a particular case" 12 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE 60.48[2] (3d ed. 2004), n. 11 ¶60.48.

10. In this case, Plaintiffs request this Court to grant the relief requested because they in fact averred with sufficient details, arguments, and case citations valid justifications for their petition in this case. Plaintiffs, in fact, provided sufficient legal or factual support for their request, and even considering the presumption of public disclosure in legal proceedings, disclosed why such presumption was not applicable in the present case. Furthermore, the Court did not even mention the fact that Plaintiffs had filed an opposition disclosing the previous arguments to the Court.

11. As this Court is aware, on December 24, 2020, Plaintiffs filed a Motion to Seal Plaintiffs' Motion to Continue to Proceed under Pseudonym as Ordered by the Court Order in New York and to Impound the Record of this Motion, See Dkt. No. 70.

12. In that motion, Plaintiffs requested that the Court "permit impoundment only of those portions of court **records** that either identify the plaintiffs by name or address, or that provide information that reasonably would permit them to be identified by someone who knows them or by someone willing to engage in investigation to determine their

identity." There were seven (7) reasons Plaintiff adduced that merited the relief requested:

    a.  First, that any information relating to identifying Plaintiffs and the conduct at issue in the lawsuit, is already governed by an Order from the Eastern District of New York to proceed under pseudonym. Additionally, the information sought to be protected was obtained under promised confidentiality under Jet Blue procedures. The information included in the Motion includes the report of Jet Blue's investigation which Jet Blue asserted was confidential and contained proprietary information at the Equal Employment Opportunity Commission. ("EEOC"). In fact, JetBlue's own policy requires that all JetBlue employees and representatives must preserve confidentiality of sensitive personal information to the extent possible. To preserve this confidentiality without waiving it, Plaintiffs request impoundment of the Motion, which contains identifying information relating to the Plaintiffs' residences, transfers, leaves and neighborhoods, all of which could invariably lead to identification of the Plaintiffs by those who know the close knit employment environment in which they work.

    b.  Second, the Affidavits of the Plaintiffs and of Attorney Rodgers reveal some details of graphic sexual nature. In its response at the EEOC, Jet Blue admitted it was including foreseeably graphic and shaming details pertaining to the Plaintiffs. Public disclosure of the Plaintiffs' names along with the pleadings and proceedings in this action, would have a severe, damaging impact on the Plaintiffs and their ability to perform their jobs, and intensify the hostile

environment arising from the sexual assault without consent, and from Jet Blue's subsequent inadequate investigation. This damaging impact would aggravate the very damage prohibited by the sexual harassment laws which Plaintiffs seek to enforce. In the instant case, Plaintiffs fear being isolated, shunned, stigmatized and disgraced while working in small close knit crews who have wide awareness of the suit due to widespread media proliferation. To date, the Complaint has been viewed 131,000 times, and numerous obscene and vile comments have already been made on a Pilot's website within a comment strand of over 140 pilots. Thus, publicly filing the Motion, would reopen the risk of further public humiliation, with strangers and co-workers in the industry expected to excoriate the credibility or morals not of anonymous Jane Doe's as has been done, but of these two known Plaintiffs.

c. Third, Plaintiffs have otherwise preserved the confidentiality of their names except to an extremely limited circle of close friends and family and Plaintiffs' identities have been kept confidential by JetBlue, at the EEOC, at the Eastern District of New York, and in this Court.

d. Fourth, with rape shield laws and consideration of other relevant factors, numerous other courts have permitted plaintiffs to use a pseudonym and to seal the proceedings under comparable circumstances. Further, JetBlue has assented to filing of lawsuits involving sexual assaults under pseudonym with the same law firm, the Derek Smith Law Group, PLLC, which filed this matter.

e. Fifth, it is within the court's sound discretion to consider an assessment of the damage to the Plaintiffs based upon their ages, if there were forced to reveal

their names. Here, two mid-career women, both vulnerable as single or recently divorced women, will be adversely affected personally and in their professional mobility by stigma and disgrace if their names are made public.

f.  Sixth, the privacy of rape victims has historically received protection by sealed, redacted or pseudonymous names. This deference to the privacy of rape victims is consistent with a Massachusetts statute which requires redaction of the names. Therefore, the Eastern District of New York, properly balanced the factors of protecting the privacy of victims in rape and intent-to-rape cases, with public access to trials. In this case, where no governmentalparty is involved, disputes involving private parties require less public disclosure, and more protection is afforded to protect professional reputations.

g.  Seventh, the severe harm to third parties if this Court forces Plaintiffs' to reveal their names, warrants confidentiality. Here, revealing their identities would not only harm Plaintiffs, but it would also cause great harm to another crew member that deliberately did not want to get involved in this lawsuit, whom Jet Blue has designated as Jane Doe # 3, preserving her privacy, as well as the five adult children of Doe # 1.  See Dkt. No. 70 at pp. 1-3.

13. More importantly however for purposes of this motion is that the above seven (7) reasons were legally supported by specific and applicable jurisprudence. Plaintiffs in pertinent part adduced as follows:

> In this Matter, Plaintiff seeks to simultaneously file a Motion to Proceed under a Pseudonym and to Impound the Record of the Proceedings, and to file supporting Affidavits under seal. The District Judge to whom this case is assigned may ex parte allow that portion of the motion regarding the use of a pseudonym, or to impound those affidavits.

As a general rule, the presumption is that all judicial proceedings remain open to the public." *Doe v. Word of Life Fellowship, Inc*., 2011 U.S. Dist. LEXIS 78383, 2011 WL 2968912, at *1 (D. Mass. July 18, 2011) (citing *Craig v. Harney*, 331 U.S. 367, 67 S. Ct. 1249, 91 L. Ed. 1546 (1947) (holding "[w]hat transpires in a courtroom is public property")); see also *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("the public has a right of access to judicial proceedings"). This presumption is supported by the Federal Rules of Civil Procedure which require that '[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a); see also Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest"); *Raiser v. Church of Jesus Christ of Latter-Day Saints,* 182 Fed. Appx. 810, 811 (10th Cir. 2006). When anonymity is sought, "[t]he burden is upon the proponent to demonstrate the need for confidentiality." *MacInnis v. Cigna Grp. Ins. Co. of Am.,* 379 F. Supp.2d 89, 90 (D. Mass. 2005) (citing *Doe v. Bell Atlantic Business Systems*, 162 F.R.D. 418, 420 (D. Mass. 1995)). "A party may rebut that presumption by demonstrating an overriding reason for confidentiality. If that rebuttal is made, then the court must balance the need for confidentiality against the public interest to be served by requiring disclosure." *Doe v. Univ. of Rhode Island*, 1993 U.S. Dist. LEXIS 19257, 1993 WL 667341, at *2 (D. R.I. Dec. 28, 1993) (citing *Doe v. Prudential Ins. Co. of America,* 744 F. Supp. 40, 41 (D. R.I.1990)). *Doe v. Aetna Life Ins. Co.,* No. 14-14716-PBS, 2016 U.S. Dist. LEXIS 194383, at *3-4 (D. Mass. Apr. 18, 2016)" Saris, J. (affirming an exparte order to permit the Plaintiff to proceed under Pseudonym and to Impound the Record in a case balancing the need for privacy with the public's right to know in a case involving mental illness, and denying a motion to vacate the order ). Here the District Court in New York has already issued a ruling that Plaintiffs, as rape victims, could proceed under pseudonym in all public pleadings on the docket under F. R. Civ. Pro. 10(a)(1). Docket Entry # 62-1, pp. 19-20. (Hereinafter D.E.#. XX).

The presumption of openness, whether founded on the common law or the First Amendment, is not absolute. *Globe Newspaper Co. v. Clerk of Suffolk County Superior Court,* 14 Mass. L. Rep. 315 (2002) (allowing pseudonymous treatment of clergy abuse victims, and impoundment of papers which could serve to identify them). The Massachusetts courts recognized in *Boston Herald, Inc. v. Sharpe*, 432 Mass. at 604. "[A] court possesses 'inherent equitable power to impound its files in a case and to deny public inspection of them . . . when justice so requires.' " *Id.* The Supreme Judicial Court has essentially determined that "justice so requires" when there is a finding of "good cause." Uniform Rules, Rule 7.

 Plaintiff seeks an order to permit impoundment only of those portions of court **records** that either identify the plaintiffs by name or address, or that provide information that reasonably would permit them to be

identified by someone who knows them or by someone willing to engage in investigation to determine their identity. *Globe Newspaper Co. v. Clerk of Suffolk County Superior Court,* 14 Mass. L. Rep. 315 (2002). The courts have not similarly protected the identity of alleged perpetrators, even if such allegations have devastating effects upon them. [1]

In *Doe v. Aetna, supra,* the court relied upon the fact that the "plaintiff has taken steps to the best of her ability "to limit or to hide information available on the internet regarding the employment lawsuitHere, Plaintiffs also argue that revealing their identity will adversely impact their employment environment. In fact, these concerns are borne out by the online targeting and vilification Plaintiffs have already received on the internet,. Permitting identifying information to be further revealed would create the very hostile environment Plainitffs seek to remedy in this lawsuit.

Moreover, Plaintiffs confidentiality is protected by Mass. G.L. c. 265 §24. In Massachusetts, rape victims present the quintessential case for redacting names, pursuant to G.L. c. 265 §24 C which continues to require redaction of a plaintiff's name in rape cases, as it has done for at least 150 years in drug and alcohol induced sexual assaults. *Commonwealth v. Blache, 450 Mass. 583, 590 (2008)* (using "Complainant" and upholding the centuries of law since *Com. v. Burke* 105 Mass 376 (1870), where a Defendant was convicted for aiding and assisting another (Green) in committing carnal rape of [NAME REDACTED] pursuant to G.L. c. 265 §24 C] victim, who was in a state of utter stupefaction by reason of drunkenness or drugs, so as to render the victim utterly senseless and incapable of consent, which defendants knew, so that Green committed carnal rape upon the victim with sufficient force to effect the purpose- with the assistance of Burke). The protection of the incapacitated rape victim from dishonor in Massachusetts under G.L. c. 265 §24(c), continues as a statutory redaction of the names of alleged victims of rape, whether or not the defendant is convicted. The rape shield protection also is recognized whether or not the defendants produced the state of inability to consent. *Id*. [2] Thus, the Eastern District of New York recognized the dishonor and protection afforded to rape victims, such as Plaintiffs and did not abuse its discretion as to either individual Defendant or JetBlue.

Additionally, recent case law recognizes that the humiliation and impact on the work environment from sexual assault warrants the motion to be filed under seal. In *EEOC v. SPOA*, 2013 U.S. Dist. LEXIS 148145, at *2 (D. Md. Oct. 15, 2013), the plaintiff waitress was harassed and slipped a date rape drug, and was permitted to proceed under a pseudonym in all papers filed before the court, upon revealing her identity to the defendant. In *Doe v. New Ritz, Inc*., Civil Action No. RDB-14-2367, 2016 U.S. Dist. LEXIS 14159, at *7 (D. Md. Feb. 5, 2016), the court allowed

pseudonym treatment of plaintiffs in a case involving sexual harassment of women employed as exotic dancers by supplying drugs and alcohol. *See, Doe v Trustees of Dartmouth College*, 2018 DNH 088 (weighing factors in a contested allegation of rape, plaintiff may proceed under a pseudonym, at least during pretrial proceedings). In this case, the Motion, contains detailed reference to the investigation at the EEOC, to the residence, transfers and leaves taken by the plaintiffs, and would risk revealing the identity of the Plaintiffs to those already in the work environment, as well as graphic and detailed facts in the most private of places concerning their private body. This exceeds any mere embarrassment, and there is no right for the public to know of such intimate and sensitive details, on the internet for all time.

See Dkt. No. 70, pp. 4-8.

14. Judge Burrows granted the Motion to Seal. Dkt. No. 70 but the Motion to proceed under pseudonyms was denied without prejudice in view of the transfer to the District of Puerto Rico. Dkt. No. 84.

15. It is clear on the record of this case that Plaintiffs have alleged sufficient facts, in addition to presenting evidentiary material, transcript of proceedings, and the affidavits of both plaintiffs and Attorney Rodgers in support of their request to move the discretion of this Court to permit Plaintiffs to continue to proceed under pseudonym.

**WHEREFORE**, premises considered, Plaintiffs pray this Court to reconsider its ruling and permit Plaintiffs to proceed under pseudonyms, and for such other relief as the Court deems just and proper.

In San Juan, Puerto Rico, on this 22nd day of June, 2022.

We hereby Certify that on this date, a copy of this motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**DEREK SMITH LAW GROUP, PLLC**
One Penn Plaza, Suite 4905
New York, New York 10119

(212) 587-0760
dan@dereksmithlaw.com

/s/Daniel J. Altaras, Esq.
(NY Bar No. 5481007)
Admitted *Pro Hac Vice*


**MANUEL PORRO VIZCARRA**
**LAW OFFICES**
382 Escorial Avenue
Urb. Caparra Heights
San Juan, P.R. 00920
Telephone 787-774-8200
Facsimile 787-774-8297


**/S/MANUEL PORRO-VIZCARRA**
USDC # 207006
mpv@mpvlawpr.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**