IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JANE DOE #1 and JANE DOE #2,

    **Plaintiffs,**

        v.

JETBLUE AIRWAYS CORPORATION, ERIC JOHNSON, individually, and DAN WATSON, individually,

    **Defendants.**

CIVIL NO. 21-1356 (JAG)

## MEMORANDUM AND ORDER

GARCIA-GREGORY, D.J.

    Before the Court is Plaintiffs' Motion for Reconsideration of this Court's Order at Docket No. 128 denying Plaintiffs' leave to continue to proceed under pseudonyms. Docket No. 129. Motions for reconsiderations "are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law." *Ortiz-Rosario v. Toys R Us P.R., Inc.*, 585 F. Supp. 2d 216, 225 (D. P.R. 2007) (citations omitted). Therefore, motions to amend an opinion may not be used by the losing party "to repeat old arguments previously considered and rejected or to raise new legal theories that should have been raised earlier." *Nat'l Metal Finishing Com. v. BarclaysAmerican/Com., Inc.*, 899 F.2d 119, 123 (1st Cir. 1990) (citation omitted).

    After this Court entered its order on June 10, 2022, Docket No. 128, the First Circuit "join[ed] the consensus of our sister circuits and h[e]ld that orders denying motions to proceed by pseudonym are immediately appealable under the collateral order doctrine." *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 66 (1st Cir. 2022). Prior to *Doe*, the First Circuit had "declined to formulate a

**CIVIL NO.** 21-1356 (JAG)                                                                                           2

test for assessing when parties may proceed under pseudonyms." *Id.* at 67 (cleaned up). However, in *Doe*, the First Circuit provided "some general guidelines [that] may be helpful to the district courts." *Id.* at 70. The guidelines outlined,

> . . . four general categories of exceptional cases in which party anonymity ordinarily will be warranted.
>
> The first paradigm involves a would-be Doe who reasonably fears that coming out of the shadows will cause him unusually severe harm (either physical or psychological). *See, e.g., Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015) (allowing use of pseudonym premised upon evidence that disclosure of plaintiff-inmate's history of being sexually abused "would create a significant risk of severe harm at the hands of other inmates") . . . The third paradigm involves cases in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated. *See Megless*, 654 F.3d at 410 (emphasizing need to ascertain whether "other similarly situated litigants [will] be deterred from litigating claims that the public would like to have litigated") . . . A deterrence concern typically arises in cases involving "intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors." . . . These paradigms are rough cuts, and it is possible that a party whose case for pseudonymity appears weak when each paradigm is analyzed separately may nonetheless make a persuasive showing when multiple paradigms are implicated.

*Id.* at 71-72 (cleaned up). The First Circuit additionally found that "the public has a substantial interest in ensuring that those who would seek justice in its courts are not scared off by the specter of destructive exposure." *Id.* (citing *Doe v. Megless*, 654 F.3d 404, 410 (3d Cir. 2011) in which the Third Circuit provided that "other similarly situated litigants [will] be deterred from litigating claims that the public would like to have litigated"; and *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1073 (9th Cir. 2000) ("permitting plaintiffs to use pseudonyms will serve the public's interest in this lawsuit by enabling it to go forward.")).

**CIVIL NO.** 21-1356 (JAG)                                                                 3

The Court finds that the instant case, given the allegation of sexual assault, falls within the above elucidated categories. Given the sensitive and intimate nature of the claims, Plaintiffs' reasonable fears of emotional harm, and the potential chilling effect on future litigants, pseudonymity is appropriate at this juncture. The Court notes that "an order granting pseudonymity should be periodically reevaluated if and when circumstances change," and while pseudonymity is "appropriate in pretrial stages of sexual assault litigation [it is] not during trial." *Doe*, 46 F.4th at 73 (citations omitted). Thus, the issue is open to be reviewed at a later date if and when appropriate.

In light of the First Circuit's holding, this Court **GRANTS** Plaintiffs' Motion for Reconsideration and **GRANTS** Plaintiffs leave to continue to proceed under pseudonyms.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Monday, February 27, 2023.

                                                               s/ Jay A. Garcia-Gregory
                                                               JAY A. GARCIA-GREGORY
                                                               United States District Judge