## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

JANE DOE #1
JANE DOE #2,

    **PLAINTIFFS**

    v.

JETBLUE               AIRWAYS
CORPORATION, ET AL,

    **DEFENDANTS**

CIVIL NO. 21-01356 (JAG)

## SURREPLY TO PLAINTIFFS' REPLY FILED
## AT DOCKET NUMBER 169

**TO THE HONORABLE COURT:**

Comes now Defendant, Dan Watson, hereinafter "Watson", through the undersigned attorney, and respectfully states, alleges and prays as follows:

1. On April 24, 2023, Plaintiffs filed their reply to Watson's opposition to their motion for reconsideration. *(D.E. 169)*.

2. A review of Plaintiffs' reply confirms that the same focuses exclusively on JetBlue's opposition to their motion for reconsideration. Specifically, Plaintiffs contend that the testimony of a JetBlue executive in an unrelated case currently pending before the Eastern District of New York and should be considered by this Court in reconsidering its prior ruling granting the motions to dismiss. Notwithstanding the aforementioned, at page 1 of their reply, Plaintiffs once again discuss the motions to dismiss filed on behalf of JetBlue and Johnson, and the subsequent briefing as to the same, and Watson's motion to dismiss, as well as his

1

opposition to Plaintiffs' motion for reconsideration are conspicuously absent from this discussion.

3.     In a similar vein, the entirety of Plaintiffs' reply is circumscribed to refuting the arguments set forth in JetBlue's opposition to their motion for reconsideration. *(D.E. 169, p. 1-9)*. Once again, Plaintiffs' reply is completely devoid of any mention of Watson's opposition to their motion for reconsideration; and does not even attempt to counter Watson's  arguments as set forth therein.

4.     In fact, it is not until the Conclusion section of their reply that Plaintiffs include Watson, who is clearly mentioned as an afterthought, as a potential target of their request for reconsideration, as follows:

> Plaintiffs respectfully ask this Honorable Court to reconsider its ruling and permit Plaintiffs to proceed with their claims under federal and Puerto Rican law against Defendants Jet Blue and Watson, because Plaintiffs' claims are valid and require that this Court grant them a remedy. Justice requires this Court to permit that Plaintiffs continue these claims against Defendants Jet Blue and Watson, and that discovery commence to evidence with the applicable Company policies and documents, why the events giving rise to these claims occurred in a work environment. *(D.E. 169, p. 9)*.

5.     The mere inclusion of Watson's name in the Conclusion section of their reply, without any substantive argumentation as to why dismissal in his favor was unwarranted, is insufficient as a legal matter to refute the arguments set forth in his response in opposition to Plaintiffs' motion for reconsideration.  As a legal matter, Plaintiffs' arguments in reply to JetBlue's opposition, are not automatically extensive to Watson for numerous reasons. First, Watson is not the Plaintiffs' employer; and it is clear from the Amended Complaint, that he was not a member of the Plaintiffs' flight crew. The allegations of the Amended Complaint are clear that the beach

encounter was wholly random and had nothing to do with the employee status of any of the parties to the captioned case.

6.     More importantly, the deposition testimony of a corporative representative in another unrelated case, in which Watson is not a party, cannot be considered by the Court in reconsidering whether its granting of Watson's motion to dismiss as per FRCP 12(b)(6) was proper.  It is black letter law that courts may not consider matters outside the pleadings when ruling on a 12(b)(6) motion to dismiss. *See* **Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody & Co**., 993 F.2d 269, 272 (1st Cir. 1993) (quoting **Watterson v. Page**, 987 F.2d 1, 3 (1st Cir. 1993)).  It is for this reason that that an affidavit, declaration or deposition, such as that proffered by Plaintiffs, cannot be considered for purposes of a motion to dismiss pursuant to FRCP 12(b)(6). *See generally* **Mehic v. Dana-Farber Cancer Inst., Inc**., 2017 WL 637681, at *3 (D. Mass. Feb. 16, 2017); **Conservation Law Found. v. Cont'l Paving, Inc**., 2016 WL 7116019, at *2 (D.N.H. Dec. 6, 2016).

7.     For the reasons discussed in the present surreply, Plaintiffs' motion for reconsideration as to the judgment dismissing the claims against Watson, should be denied.

**WHEREFORE**, it is respectfully requested that the Honorable Court take notice of the present surreply, and in consequence thereof, deny Plaintiffs' motion for reconsideration as it relates Defendant Watson.

**I HEREBY CERTIFY**: That on this same date, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF System which will send notification to the attorneys of record.

**RESPECTFULLY SUBMITTED**:

In San Juan, Puerto Rico on this 1st day of May 2023.


**S/ROBERTO RUIZ COMAS**
**ROBERTO RUIZ COMAS**
**USDC BAR NUMBER 204313**

RC LEGAL & LITIGATION SERVICES,
PSC
1353 LUIS VIGOREAUX AVENUE
PMB 889
GUAYNABO, PR 00920
TEL. (787) 699-8557
E-MAIL: roberto@rclegalpr.com

*S/JEANNETTE LÓPEZ DE VICTORIA*
**JEANNETTE LÓPEZ DE VICTORIA**
**USDC BAR NUMBER 205101**

30 San Jorge St., Urb. Ramírez
Cabo Rojo, PR  00623
Telephone: (787) 413-2659
Facsimile:  (787) 724-8152
E-Mail: hoeman1959@live.com