IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Jane Doe #1,<br>Jane Doe #2,<br><br>    Plaintiffs,<br><br>    v.<br><br>JETBLUE AIRWAYS CORPORATION, ERIC JOHNSON, individually, and DAN WATSON, individually,<br><br>    Defendants. | CIVIL NO.: 21-01356(JAG)<br><br><br><br><br><br><br>TRIAL BY JURY |

**JOINT INITIAL SCHEDULING MEMORANDUM**

**(1) Each party's theory of the case and the applicable law:**

 **Plaintiffs:**

The theory of liability and applicable law with respect to Jet Blue Airways Corporation has recently been briefed in Plaintiffs' pending Motion for Reconsideration.

**Assault and Battery under Article 1802**
In terms of Defendant Johnson, Article 1802 is Puerto Rico's general tort statute, which states that a person who "causes damages to another through fault or negligence" shall be liable in damages. P.R. LAWS ANN. tit. 31, § 5141. It is well settled that claims of assault and battery are actionable under Puerto Rico law. Civil Code of Puerto Rico, Art. 1802 (31 L.P.R.A. § 5141); *Zalduondo v. Sánchez*, 15 D.P.R. 231 (1909); H. Brau del Toro, Los Daños y Perjuicios Extracontractuales en Puerto Rico, §§ 4.03, 4.04 (1986).

In this case, Defendant Johnson placed Plaintiff Doe #1 in fear of imminent harmful and offensive contact when Defendant Johnson raped her by force after drugging her. Ultimately, Defendant Johnson assaulted and battered Plaintiffs. Thus, Defendant Johnson engaged in offensive and harmful bodily contact with both Plaintiffs when he drugged Plaintiffs and forcibly raped Plaintiff Doe #1. This contact clearly gives rise to a claim of assault and battery by both Plaintiffs against Defendant Johnson for assault and battery under Puerto Rico law.

**Negligent Infliction of Emotional Distress & Failure to Warn under Article 1802**
Negligence claims are also brought under Article 1802 of the Puerto Rico Civil Code which provides that a "person who by an act or omission causes damage to another through fault or

negligence shall be obliged to repair the damage so done." P.R. Laws. Ann. tit. 31, § 5141. "The elements of an Article 1802 claim are a physical or emotional injury, a negligent or intentional act or omission (i.e., a wrongful act), and a causal connection between the injury and the defendant's wrongful conduct." *Díaz Aviation Corp. v. Airport Aviation Servs., Inc.,* 716 F.3d 256, 265–66 (1st Cir. 2013). Thus, to plead a claim for negligence, a plaintiff must allege four elements: duty, breach, causation, and damages. *Cedeño Nieves v. Aerostar Airport Holdings LLC,* 251 F. Supp. 3d 360, 366 (D.P.R. 2017).

In addition to negligently inflicting emotional distress upon the Plaintiffs when he decided to drug both Plaintiffs and violently rape Plaintiff Doe #1, Defendant Johnson also had a duty to warn and advise Plaintiff Doe #1 that he had a sexually transmitted disease ("STD"). However, Defendant Johnson breached that duty when he violently raped Plaintiff Doe #1 without regard to her physical and emotional wellbeing. As a result of Defendant Johnson's negligent failure to warn Plaintiff Doe #1 that he has an STD, Plaintiff Doe #1 contracted the STD and suffered numerous injuries. Accordingly, Plaintiffs have made out a claim for negligence/failure to warn under Puerto Rico law.

**Puerto Rico Constitutional Law Claims**
The Commonwealth of Puerto Rico's Constitution Article II, Section 1 protects the rights to privacy, dignity, and a workplace free of risk and harm to one's personal integrity. P.R. CONST. Art. II, §1. Additionally, Puerto Rico's Constitution protects individuals from risks to their health or person in the workplace and abusive attacks on their honor, reputation, and private or family life. P.R. CONST. art. II, §§ 8, and 16. These rights operate *ex proprio vigore* and therefore, may be asserted against private parties. *Rosario v. United States*, 538 F. Supp. 2d 480, 492 (D.P.R. 2008). In other words, "due to their peculiar nature by way of exception, private parties are liable for violations to dignity and privacy protections of their employees under our local Constitution." *Id; See also Robles-Vázquez v. Tirado García,* 110 F.3d 204, 208 (1st Cir. 1997); *Kerr-Selgas v. American Airlines, Inc.,* 69 F.3d 1205, 1213 (1st Cir. 1995) (recognizing the "great importance" attached by the Puerto Rico Supreme Court to the Puerto Rico Constitution's guarantee of the right of privacy and human dignity).

In this case, Defendant Johnson should be held liable for violating Plaintiffs' rights pursuant to Puerto Rico's constitution because he deliberately drugged Plaintiffs and violently raped Plaintiff Doe #1 and infect her with an STD. Thus, Defendant Johnson's reprehensible conduct violated the Puerto Rican constitution's stated protections towards Plaintiffs against violations of their human dignity, risks to their health or person in the workplace, and abusive attacks on their honor, reputation, and private or family life. P.R. CONST. art. II, §§ 1, 8, and 16.

**Defendant Eric Johnson:**

Codefendant Eric Johnson has answered the complaint denying the liability and damages allegations made against him.  The evidence will show that he neither drugged nor raped any of the plaintiffs.  Sex was consensual.  He tested negative for STD.   This civil action is bogus and should be dismissed pursuant to Art. 1802 of the Puerto Rico Civil Code, P.R. Laws Annot. Tit. 31 sec. 5141, which is the applicable law in this case, pursuant to Article 1815 of the Civil Code of Puerto Rico of 2020.  Eric Johnson reserves the right to file a malicious prosecution

and an abuse of the law and process action once this litigation ends with a final judgment in his favor as disclosed in his answer to complaint.

**(2) Any jurisdictional issues:**

None, for the Plaintiffs. The Parties have extensively briefed the jurisdictional issues pertinent to this case throughout three different jurisdictions (Southern District of New York, District of Massachusets, and the Distruct of Puerto Rico) since September 2019.

Defendant has no jurisdictional challenges at this time.

**(3) Whether each party consents to proceed before a Magistrate Judge, pursuant to 28 U.S.C. § 636:**

Plaintiffs do not consent to proceed before a United States Magistrate Judge. Codefendant Eric Johnson does consent to proceed with a magistrate judge.

**(4) A proposed schedule with suggested deadlines for (i) Rule 26 disclosures; (ii) amendments to pleadings and to add parties; (iii) conclusion of discovery; and (iv) filing of dispositive motions:**

 A. <u>Initial Disclosures</u>

  The parties will exchange Initial Disclosures by June 13, 2023.

 B. <u>Conclusion of Discovery</u>

  Fact and expert discovery shall conclude by February 28, 2024.

 C. <u>Proposed Schedule for Filing of Dispositive Motions</u>

  The parties may file dispositive motions no later than April 12, 2024. Oppositions shall be filed thirty (30) days later and any reply brief fourteen (14) days after.

**(5) Inform of any and all related cases filed in federal and/or state court, even if involving different parties and/or counsel. This shall include the caption and number of the case(s):**

Plaintiffs: *Shauna Payne v. Jet Blue Corporation and Steven Tenorio*; 1:20-cv-00101-NRM-PK

Codefendant Eric Johnson lacks knowledge of the *Payne* case and if indeed it is related to this litigation.

**(6) Any other matters deemed important to the case:**

None currently.

**CERTIFICATE OF SERVICE**. The undersigned further certifies that on this date, he electronically filed the forgoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**RESPECTFULLY SUBMITTED,** in San Juan, Puerto Rico, on this 1st day of May 2023.

**DEREK SMITH LAW GROUP, PLLC**
One Penn Plaza, Suite 4905
New York, New York 10119
(212) 587-0760
dan@dereksmithlaw.com

/s/Daniel J. Altaras, Esq.
(NY Bar No. 5481007)
Admitted *Pro Hac Vice*

**MANUEL PORRO-VIZCARRA LAW OFFICES**
382 Escorial Avenue
Urb. Caparra Heights
San Juan, P.R. 00920
Telephone 787-774-8200
Facsimile 787-774-8297

**/S/MANUEL PORRO-VIZCARRA**
USDC # 207006
mpv@mpvlawpr.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

**CORREA ACEVEDO & ABESADA LAW OFFICE, P.S.C.**
Counsel for Eric Johnson
Centro Internacional de Mercadeo, Torre II
# 90 Carr. 165, Suite 407
Guaynabo, P.R. 00968
Tel. (787) 273-8300; Fax (787) 273-8379

/s/ Roberto Abesada-Agüet
Roberto Abesada-Agüet
USDC-PR No. 216706
E-Mail: ra@calopsc.com